HELEN A. SPENCER *v.* ZONING BOARD OF APPEALS
OF THE TOWN OF STRATFORD
(6059)

DALY, O'CONNELL and FOTI, Js.

Argued April 14—decision released August 2, 1988

*Frank P. Blando,* with whom, on the brief, was *Carl E. Watt,* for the appellant (defendant).

*Gerald T. Weiner,* for the appellee (plaintiff).

FOTI, J. The defendant appeals from the judgment of the Superior Court sustaining the appeal of the plaintiff from a decision of the zoning board of appeals of the town of Stratford (board) denying a petition for two variances from the zoning district's 7500 square foot area requirement for building lots.

The defendant claims that the court erred (1) in finding that the plaintiff had established an unusual hardship sufficient to warrant the requested variances, (2) in concluding that the board had abused its discretion in denying the variances because it had granted similar variances for other properties, and (3) in concluding that the variances would not adversely affect the comprehensive plan. We find the defendant's first claim meritorious and, therefore, dispositive of this appeal.

The facts relevant to this appeal are not in dispute. In 1965, the plaintiff purchased the parcel of real property, which is the subject of this appeal, by warranty deed from her predecessor in title. The parcel, which is known as 66 First Avenue, is located in the town of Stratford, and is comprised of two adjacent lots, numbers 399 and 400, and totals an area of 12,500 square feet. At the time the plaintiff purchased the parcel there was, and still exists, a residential building on the parcel situated partly on lot 399 and partly on lot 400. In 1985, the plaintiff entered into an agreement to sell the entire parcel to Richard Romano. The sale was contingent upon the granting of two petitions for variances filed by Romano and signed by the plaintiff. The petitions envisioned the subdivision of the parcel, creating one lot of 6000 square feet with the existing building on it and a second lot comprised of 6500 square feet

on which Romano intended to build a second building. Romano and the plaintiff sought variances waiving the 7500 square foot area requirement for each of the proposed lots. The court sustained the plaintiff's appeal from the decision of the board denying these petitions; the defendant brought this appeal from the decision of the court.

The defendant's principal claim, and the claim that we find dispositive of this appeal, is that the court erred in finding that the plaintiff had established an exceptional or unusual hardship arising out of circumstances or conditions beyond the control of the plaintiff or her predecessor in title.

We note at the outset that "the authority of a zoning board of appeals to grant a variance under General Statutes § 8-6 (3) requires the fulfillment of two conditions: '(1) the variance must be shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan.' *Smith* v. *Zoning Board of Appeals,* 174 Conn. 323, 326, 387 A.2d 542 (1978)." *Grillo* v. *Zoning Board of Appeals,* 206 Conn. 362, 368, 537 A.2d 1030 (1988). If either condition is not fulfilled the zoning authority lacks the power to grant a variance. Nor does the trial court have the authority to order the zoning authority to grant such a variance.

"It is well settled that the hardship must be different in kind from that generally affecting properties in the same zoning district, and must arise from circumstances or conditions beyond the control of the property owner." *Smith* v. *Zoning Board of Appeals,* supra, 327, quoted in *Pollard* v. *Zoning Board of Appeals,* 186 Conn. 32, 39, 438 A.2d 1186 (1982). "Where the hardship results from the voluntary act of the property

owner, however, the zoning authority lacks the authority to grant a variance." *Able* v. *Zoning Board of Appeals,* 172 Conn. 286, 289, 374 A.2d 227 (1977). A "[s]elf-inflicted or self-created hardship . . . is never considered proper grounds for a variance." 2 Yokley, Zoning Law & Practice (3d Ed.) § 15-8, p. 159, quoted in *Pollard* v. *Zoning Board of Appeals,* supra, 40.

In *Able* v. *Zoning Board of Appeals,* supra, the purchaser of a .704 acre lot applied for a variance waiving the one acre area requirement for residential use. In directing judgment for the abutting property owners, our Supreme Court found that it was unnecessary to reach the board's conclusion that the owner of the lot had suffered an unusual hardship as he had voluntarily assumed any hardship by his purchase of the lot which did not conform to the existing zoning regulations at the time of the purchase. Similarly, in *Pollard* v. *Zoning Board of Appeals,* supra, the court found that the zoning authority lacked the authority to grant a variance for a nonconforming lot, even though the nonconformity had resulted from an error committed by a surveyor. The *Pollard* court concluded that, because the survey had been conducted at the behest of the executrix for the benefit of the petitioners, the petitioners were deemed to have voluntarily assumed any hardship resulting from the failure of the property to conform to the zoning regulations.

In this case the plaintiff purchased the parcel in 1965 with the dwelling situated partly on both lots. There was sufficient notice in the land records at the time she purchased the property to alert her to the town's square foot area regulations for residential use, and to the fact that her predecessor in title had built the dwelling on the parcel in such a way as to prevent a second dwelling from being built on the property without violating those regulations.

In *Able*, as in this case, the undersized lot was created by the predecessor in title of the applicant. Here, the applicant had adequate notice that any subdivision of the parcel would result in a lot of insufficient size to conform to the zoning regulations. We conclude that the plaintiff voluntarily assumed any hardship when she purchased the parcel.

The plaintiff argues that the hardship is a consequence of the town's practice of taxing the parcel as two separate lots but refusing to allow her to use it as such. The facts of this case, however, belie this argument. The plaintiff purchased the parcel more than twenty years ago with the dwelling on it. During this twenty year period the plaintiff has had the enjoyment of a home located on the parcel so that advantage could be taken of both lots. The plaintiff now claims that the board's refusal to grant a variance works an unusual hardship because the plaintiff must pay tax on both lots without having the right to build a second dwelling on the parcel. The plaintiff's argument, though characterized as a hardship emanating from the taxation of the double lot, is little more than an argument that the zoning regulations prevent maximum economic utilization of the parcel.

It is undisputed in this case that the minimum area regulations are valid and embody the legitimate expectations of the community. *Able* v. *Zoning Board of Appeals*, supra, 291. Thus, the hardship resulting from any financial loss suffered by the applicant, because of the enforcement of the town's zoning regulations, is not different in kind from that affecting the properties in that same zoning district. *Green* v. *Zoning Board of Appeals*, 4 Conn. App. 500, 503, 495 A.2d 290 (1985). "Personal hardships, regardless of how compelling or how far beyond the control of the individual applicant, do not provide sufficient grounds for the granting of a variance." *Garibaldi* v. *Zoning Board of Appeals*, 163

Conn. 235, 239–40, 303 A.2d 743 (1972), quoted in *Pollard* v. *Zoning Board of Appeals,* supra, 44. Nor is economic hardship a sufficient justification for granting a variance. *Cowles* v. *Zoning Board of Appeals,* 153 Conn. 116, 118, 214 A.2d 361 (1965).

We need not reach the defendant's other claims of error as our conclusion that the court was without authority to find an exceptional or unusual hardship is dispositive of this appeal.

There is error, the judgment of the Superior Court is set aside and the case is remanded with direction to render judgment dismissing the appeal.

In this opinion the other judges concurred.