[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiffs, Zina and Boris Berman ("the Bermans") bring this appeal pursuant to General Statutes 8-8, appealing the decision of the defendant New Haven Board of Zoning Appeals ("Board") granting a side variance to defendants Florence and Thaddeus Zywocinski to permit four feet where eight feet is required in order to build an addition to an existing building at 92 Everit Street, in New Haven, said property being in an RS-1 Zone. The Bermans are owners of real property located at 96-98 Everit Street, which abuts the Zywocinskis' property. A hearing was held and aggrievement was found on November 30, 1990.
 II
The defendant Board derives its powers from General Statutes,8-5. The Boards's powers include: "(3) to determine and vary the application of the Zoning bylaws, ordinances or regulations in harmony with their general purpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where, owing to conditions especially affecting CT Page 1026 such parcel but not affecting generally the district in which it is situated, a literal enforcement of such bylaws, ordinances or regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured . . .," General Statutes 8-6 (3).
 III
The function of this court on appeal is to review the record to determine whether the defendant Board, in granting the variance sought, acted illegally, arbitrarily or so unreasonably as to have abused its discretion. Horn v. Zoning Board of Appeals of City of Norwalk, 18 Conn. App. 674.
The court is not to substitute its judgment for that of the defendant Board. Torsiello v. Zoning Board of Appeals of the City of Milford, 3 Conn. App. 47. The conclusions reached by the defendant Board must be upheld, if they are reasonably supported by the record. Primerica v. Planning Zoning Commission of the Town of Greenwich, 211 Conn. 85, 96.
 IV
There is no dispute that the defendants Zywocinskis' property is in an RS-1 zone, which zoning requires sideyards of at least 8 feet. Defendants seek to extend their dwelling on the North side to expand bathrooms on the first and second floors. To accomplish this goal, defendants applied for a variance to permit a 4 foot rather than 8 foot sideyard. Defendants in their application acknowledge that the existing sideyard is in fact 6 feet. Thus, the structure presently is non-conforming.
Variances are to be granted only in cases of exceptional difficulty or unusual hardship. Miclon v. Zoning Board of Appeals, 173 Conn. 420, 423. The "difficulty or unreasonable hardship" described by the defendants in their application was:
"The existing side yard is 6 feet. The existing units suffer from lack of adequate bathroom facilities for their size. The physical layout of the structure is such that bathrooms can be added only at the proposed location. The structure was originally built very close to the property line on the North, with a large oversize sideyard on the South."
The defendant board, in granting said application for variance, stated: "The board found hardship by virtue of the orientation of the building to the lot." The board also found the variance to be in harmony with the general purpose and interest of the Zoning Ordinance. CT Page 1027
The plaintiffs argue that the defendant Board acted illegally, arbitrarily and in abuse of its discretion, first in concluding that there was legal hardship; second, in concluding that the variance sought did not conflict with the general purpose and intent of the Zoning ordinance. The court agrees with the plaintiff on both, counts.
 V
A variance is granted with respect to a particular piece of property. Garibaldi v. Zoning Board of Appeals, 163 Conn. 235,239. A variance is not a personal exemption from the enforcement of zoning regulations. It is a legal status granted to a certain parcel of realty without regard to ownership. Garibaldi v. Zoning Board of Appeals, supra at 239. Any hardship runs with the property, not with the owner at a given moment in time. Defendants here built or purchased their property with the dwelling as presently situated in a RS-1 zone, with the 8 foot sideyard requirement. The hardship, if any, was created by them or a predecessor owner and if the latter, inherited, by the defendants. Where the hardship results from the voluntary act of the property owner, however, the zoning authority lacks the authority to grant a variance. Able v. Zoning Board of Appeals,172 Conn. 286, 289 quoted in Spencer v. Zoning Board of Appeals,15 Conn. App. 387, 390. Personal hardships, regardless of how compelling or how far beyond the control of the individual applicant, do not provide sufficient grounds for the granting of the variance. Garibaldi v. Zoning Board of Appeals, supra, 240.
The defendants Zywocinski have asserted personal hardship, not legal hardship, and there is nothing in the record to support a finding of legal hardship. Any hardship arose from the voluntary act of themselves or their predecessors in title.
Further, the hardship must be different in kind from that generally affecting properties in the same zoning district. Spencer v. Zoning Board of Appeals, 15 Conn. App. 387, 389. Defendant Board found "hardship in the orientation of the building to the lot." But defendants Zywocinski acknowledged that the orientation of the building to the lot was typical of properties in the neighborhood, with dwellings built close to the northern boundary line, with wide sideyards on the south side. Defendants Zywocinskis' hardship was not shown to be unusual or unique. Chapman v. Zoning Board of Appeals, 23 Conn. App. 441, 443. The defendant Board's finding of hardship is not supported by the record.
The defendant Board's finding that the variance granted was "in harmony with the general purpose and intent of the Zoning ordinance" is not supported by the record. In the determination CT Page 1028 whether a variance is permissible, the requirement that any change shall be in harmony with the general intent and purpose of the ordinance is highly important. Talmadge v. Board of Zoning Appeals, 141 Conn. 639, 644.
Section 68A of the Zoning Ordinance of the City of New Haven states in pertinent part:
 "3. It is fundamental principle of zoning law that nonconformities are not to be expanded, and that they should be abolished or reduced to conformity as quickly as the fair interests of the parties will permit. This principle is declared to be the intent of this ordinance." (emphasis added)
As noted, the defendant Florence Zywocinski in her application stated that the present sideyard is 6 feet. The structure is non-conforming. To expand this non-conformity is contrary to the fundamental principle of zoning law as codified in Section 68A.3 of the zoning ordinance of the City of New Haven.
 VI
Because the record does not support the findings of the defendant Board, the court concludes that said Board acted illegally, arbitrarily and in abuse of its discretion in granting the subject variance. Accordingly, the plaintiffs' appeal is sustained and judgment may enter reversing the decision of defendant Board.
JOHN T. DOWNEY, JUDGE