[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal brought by a property owner as a result of the denial of an application for a variance. The plaintiff is the owner of a 21.3 acre parcel located in Somers, Connecticut. The property is located on the east side of Turnpike Road and the north side of Rosehaven Road and is traversed by wetlands and/or watercourses. The plaintiff seeks to use an existing driveway entering from Turnpike Road for the purpose of removing gravel.
Section 3.03.01(e) of the Zoning Regulations require that access and egress to and from the property must be at least one hundred feet from the side and rear lot lines. The so-called driveway is located 19.80 feet from an adjoining property owner.
A Court hearing was conducted on June 7, 1991 and the following evidence was offered to prove aggrievement. Wilfred Eigenbrod, plaintiff, testified that he owned said property for several years and still is the owner of record. He stated that he has a substantial financial interest in the variance requested.
Based on the testimony the Court finds that the plaintiff is an "aggrieved person" within the purview of Sec.8-8 of the Connecticut General Statutes and has standing to take the appeal.
A review of the record indicates the following factual situation. At the public hearing held on May 9, 1990 the plaintiff through his engineer claimed that the so-called driveway was inadequate (Return of Record Exhibit #5 — Transcript of Public Hearing). However the hearing was still conducted to obtain the variance where the driveway was located. The plaintiff advised the defendant Commission that his inland-wetland application had been denied so the only remaining access to his property was by using the existing driveway (Return of Record Exhibit #5, pages 4 and 5). By denying the variance it will cause an unusual hardship because the parcel could not be put to a permitted use i.e. earth removal (Return of Record Exhibit #5, page 7).
The plaintiff further claimed that the granting of the variance will not effect the comprehensive plan of the zoning regulations or undermine its general purposes. (Return of Record Exhibit #5, page 7).
The plaintiff further claimed that the existing driveway had acted as access to the plaintiff's property for almost CT Page 5408 twenty (20) years and that it may have even been used for the removal of gravel or materials. (Return of Record Exhibit #5, page 8).
It was further stated by the plaintiff's attorney that the driveway in question had been used for the purpose of building homes on two lots that the plaintiff had created. After the second lot had been sold the driveway was about 19 some feet from the side line of the second house that was built. (Return of Record Exhibit #5, page 11).
Also at the public hearing the adjoining property owner, Henry Kepler, strenuously objected to the requested variance. He claimed that the driveway was inadequate for earth removal; it was too close to his property and not perpendicular to the driveway causing a dangerous intersection. (Return of Record Exhibit #5, page 18).
Another neighbor, Mr. O'Dell, claimed that the plaintiff had caused his own hardship by selling the second house. (Return of Record Exhibit #5, page 22).
Subsequent to the public hearing the defendant Board denied the application because the defendant Board felt there was no hardship proven. The Board further stated that the future use of the land was unclear and the crossing as it presently exists is adequate to access the property until the speculative gravel bank or subdivision is applied for. (Return of Record Exhibit #10 — Legal Notice).
The plaintiff complains that the action of the defendant Board was illegal, arbitrary and capricious in one of the following ways:
 a) The reasons given by the defendant for denying plaintiff's application are not supported by the testimony and evidence provided at the public hearing;
 b) The defendant denied the application based on its assertion that "the future use of the land is unclear" despite the statement in the plaintiff's application that he "desires to conduct an earth removal operation on his property," and other testimony to that effect presented at the public hearing;
 c) The defendant's denial of the plaintiff's variance application, in conjunction with the denial of the plaintiff's wetlands crossing by the Somers Conservation and Inland Wetland Commission, has denied the plaintiff the reasonable use of his property and constitutes a CT Page 5409 taking of the plaintiff's property without compensation;
 d) The defendant's decision was based upon factors other than those it could legally consider;
 e) Despite plaintiff's objection, the defendant conducted the public hearing with only 4 members present and the 5th member participating in the decision was unfamiliar with the evidence and testimony presented at the public hearing;
 f) The defendant denied plaintiff's application in part because plaintiff had not first applied to and been denied by the Somers Zoning Commission. Such a requirement is inappropriate and not contained in the statutes or regulations;
 g) In its deliberations on plaintiff's application, defendant made no formal motion to approve or deny but merely polled its members. This procedure is contrary to established rules of administrative bodies and renders defendant's "decision" invalid.
The defendant, in its brief, describes very well the basic principle governing the law of variances. The defendant states:
"Generally, the hardship which will justify a variance must be one that originates in the zoning ordinance themselves. Whittaker v. Zoning Board of Appeals of the Town of Trumbull, 179 Conn. 650, 427 A.2d 1346 (1980). The Board has no power to grant a variance where the condition which results in the hardship is due to voluntary acts of the applicant. This "self-created" hardship is never justification for a variance. Belknap v. Zoning Board of Appeals of the Town of Easton, 155 Conn. 380, 232 A.2d 922
(1967); Spencer v. Zoning Board of Appeals of the Town of,15 Conn. App. 387, 544 A.2d 676 (1988); Johnny Cake Inc. v. Zoning Board of Appeals of the Town of Burlington,180 Conn. 296, 429 A.2d 883 (1980).
The record in this matter indicates that the plaintiff's hardship was self-created. The plaintiff testified that he constructed this driveway in 1974. He also testified that subsequent to that, he built two homes on his property and sold them. These two parcels are shown as lots 1 and 2 on the "Area Map" introduced into the record. Lot 1 is known as 496 Turnpike Road and is now owned by John and Veronica O'Dell. This lot is also designated as "Parcel II" on the "Boundary Map" and has 175 feet of frontage on Turnpike Road. CT Page 5410 Lot 2 as shown on the "Area Map" is known as 488 Turnpike 1 Road and is presently owned by Henry and Mary Kepler. This lot is designated as "Parcel I" on the "Boundary Map" and has 175 feet of frontage on Turnpike Road (RR Item 12). The Somers Land Records indicates that the "O'Dell" parcel was conveyed by the plaintiff to Mr. O'Dell on February 3, 1976 and that the "Kepler" parcel was first conveyed by the plaintiff to Interlake Inc. on November 14, 1979. (See Exhibits A and B attached hereto). Consequently, when this driveway was constructed in 1974, it was over 350 feet from the property line. After the "O'Dell" conveyance, the, driveway was still more than 175 feet from the new property line. However, after the "Kepler" transfer, the driveway was only 19.80 feet from the then closest parcel. (RR Item 12, Sheet 3 of 6). If the Zoning Regulations in effect at the time of the "Kepler" transfer required a one-hundred foot sideyard for gravel operations, the plaintiff created his own hardship.
Section 5(C)(8) of the Somers Zoning Regulations in effect in 1979 required that:
 "no excavation or removal (of earth products) shall be made nearer to any property line than the distance of 100 feet. . ." (emphasis added).
This requirement was added to the regulations in 1974. Prior to that, the regulations required only that no excavations take place within 100 feet of the property line. Prior regulations also required that truck access be arranged so as to minimize the danger to traffic and nuisance to surrounding properties. This second requirement was deleted in the 1974 revision because Section 5(c)(8) was meant to address this requirement.
Consequently, when the plaintiff sold off the "Kepler" parcel and left himself with a driveway which was only 19.8 feet from his property line, he created a condition that did not conform with requirements of the Zoning Regulations then in effect. Accordingly, his hardship is due to his own voluntary act, and cannot be the basis for a variance."
For the above reasons the Court finds that the hardship was self-created by the plaintiff and the appeal is denied.
Because this Court has also decided the appeal from the companion case regarding wetlands, Wilfred Eigenbrod v. Somers Conservation Commission, Docket No. CV 90 0044987S, it should be pointed out that this defendant still has the right to apply for a new permit to cross the wetlands by use CT Page 5411 of a small bridge which application might very well be received favorably by the appropriate Commission.
Judgment may enter in favor of the defendant Board.
HON. HARRY JACKAWAY Superior Court Judge