[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the denial of a variance application made by the plaintiff to the Shelton Board of Zoning Appeals [hereafter called "the Board"]. The plaintiff is the owner of a parcel of land containing 1.25 acres in a commercial zone (CA-2). He applied to the Board for a side yard setback variance to reduce the setback from 12 feet to three feet for the purpose of constructing an office building, which is a permitted use in the zone. As the property owner and unsuccessful applicant, the plaintiff is aggrieved by denial of the application and has standing to bring this appeal. Rogers v. Zoning Board of Appeals,154 Conn. 484, 488.
An order for a zoning board of appeals to grant a variance under 8-6 (3) of the General Statutes, two conditions must be met: (1) the variance cannot substantially affect the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan. Grillo v. Zoning Board of Appeals 206 Conn. 362, 368; Smith v. Zoning Board of Appeals, 174 Conn. 323, 326. The Board held a public hearing on March 19, 1991. While the plaintiff claimed that a variance should be granted because he had an irregularly shaped lot with topographic problems, it is apparent from the record that numerous variances were already granted for the same property and that a building had been designed that would fit on the lot with the variances that were previously granted by the Board. The plaintiff wanted the variance to build a larger building, and because his new architect had designed a different building for the property. The Board denied the variance at its meeting of April 16, 1991 because there was no hardship.
Proof of unusual hardship is a condition precedent to the granting of a variance. Nash v. Zoning Board of Appeals, 165 Conn. 576,577; Spencer v. Zoning Board of Appeals, 15 Conn. App. 387,389. A person is not entitled to a variance where the hardship claimed is not different in kind from that generally affecting property in the same zoning district. Id., 391; Garibaldi v. Zoning Board of Appeals, 163 Conn. 235, 238. The maximum possible enrichment of a property owner is not a controlling purpose of zoning. State National Bank v. Planning and Zoning Commission,156 Conn. 99, 102. Absent a situation amounting to confiscation, financial loss or the potential of financial advantage to the applicant is not the proper basis for a variance, and does not constitute hardship. Carlson v. Zoning Board of Appeals, 158 Conn. 86,89, 90; Garibaldi v. Zoning Board of Appeals, supra, 239. It is clear from the record that the plaintiff can make some use of his property under the variances that were previously granted, and there is no merit to a confiscation claim. Moreover, the fact that CT Page 7112 the Board previously granted some variances for the property does not mean that it has to grant additional ones which cause a greater infringement upon the comprehensive plan established by the zoning regulations
Where the Board denies a variance, the question on appeal is whether any of the reasons given are valid and supported by the record. Green v. Zoning Board of Appeals, 4 Conn. App. 500, 502. The record supports the Board's finding of no hardship. The court cannot substitute its judgment for that of the Board as long as an honest judgment has reasonably and fairly been made after a full hearing. Stankiewicz v. Zoning Board of Appeals, 15 Conn. App. 729,731, 732. To the extent that the plaintiff's appeal makes other claims that the Board's decision was arbitrary and illegal, there is no merit to them.
The appeal is dismissed.
Robert A. Fuller, Judge.