[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The issue before the court is; Does the record support the defendant's decision to deny the plaintiffs' petitions for variance? It is found that the record supports the denials and that therefore the appeal should be dismissed.
The plaintiffs, Steven Zaletta and Lorraine Zaletta, own two contiguous lots in Stratford. (ROR #30). On May 16, 1990, they bought the two lots individually by warranty deeds. (ROR #'s 15 and 16). Before the Zalettas owned the two lots, the lots had been conveyed and owned as one lot. (ROR #'s 30, 13, 14, 15). On the map showing the original subdivision of land in 1933, the lots are shown as two lots. (ROR #11). The plaintiff's lots #11 has an existing house, while lot #10 is unimproved. (ROR #30).
On April 3, 1991, the plaintiffs petitioned the Stratford Zoning Board of Appeals ("ZBA") for two variances. (ROR Exhs. 1a and 1b). One pertained to lot #11 and requested a variance from the 100-foot lot width requirement and the 12-foot side-yard requirement so that the existing house could remain. (ROR # 1a, 4a). The second petition pertained to lot #10 and requested a variance from the 100-foot lot width requirement so that a single-family house could be constructed. (ROR #1b, 4b).
On May 13, 1991, the ZBA denied both petitions. (ROR # 4a, 4b). The plaintiffs filed suit to appeal the denials on the following grounds: the ZBA failed to state its reasons on the record; it lacked evidence to deny the variances; it ignored the plaintiffs' evidence regarding the lots' subdivision status; the ZBA granted a similar variance to a nearby property owner in 1974; the plaintiffs' hardship was not self-created; it relied too greatly on testimony by neighbors who opposed the variances; the minutes are inaccurate; the proposed uses would be in harmony with the existing development; and the denials constituted a taking of the plaintiffs' property.
The plaintiffs did not brief all the above arguments; CT Page 2780 therefore, those issues not briefed are considered abandoned. First Hartford Realty Corp. v. Planning Zoning Commission,165 Conn. 533, 535, 338 A.2d 490 (1973).
Aggrievement
The plaintiffs appeal pursuant to General Statutes 8-8 (b) (1991), which provides: "[a]ny person. . . aggrieved by any decision of a board may take an appeal to the superior court." The plaintiffs submit two deeds that show they own lots #10 and #11. It is clear that as owners of the lots at issue, the plaintiffs are aggrieved by the ZBA's decisions. See Bossert Corp. v. Norwalk,157 Conn. 279, 285, 253 A.2d 39 (1968).
Timeliness
"The appeal shall be commenced by service of process. . . within fifteen days from the date that notice of the decision was published as required by [8-7]". General Statutes 8-8 (b). Notice of the ZBA's decisions was timely published in the Bridgeport Post on May 18, 1991. General Statutes 8-7 (notice of decision must be published within 15 days of decision). (ROR #6). Additionally, the plaintiffs timely served process upon the ZBA, the ZBA chairman, and the Stratford town clerk on May 30, 1991, within fifteen days after the decision was published. Therefore, the court finds that the appeal is timely.
 "A zoning board of appeals derives its authority to grant variances from General Statutes 8-6(3), which provides in pertinent part that the board may grant variances `with respect to a parcel of land, where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such bylaws, ordinances or regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured.' It is axiomatic that a variance is granted with respect to a particular piece of property. . . and that the hardship peculiar to a particular piece of property must arise `from a condition different in kind from that generally affecting properties in the same zoning district and must be imposed by conditions outside the property owner's control."'
Haines v. Zoning Board of Appeals, 26 Conn. App. 187, 190-91,___ A.2d ___ (1991) (citations omitted). "`A variance may not be justified on the ground that other variances had previously been issued in the immediate area."' Id., 191 (citation omitted). CT Page 2781
The ZBA did not state on the record its reasons for denying the plaintiffs' petitions. Therefore, the court must search the record "`to attempt to find some basis for the action taken."' Grillo v. Zoning Board of Appeals, 206 Conn. 362, 369,537 A.2d 1030 (1988) (citations omitted). However, the court may only sustain the plaintiffs' appeal if it finds that the denial of the variances was arbitrary, illegal or an abuse of the ZBA's discretion. Whittaker v. Zoning Board of Appeals, 179 Conn. 650,654, 427 A.2d 1346 (1980). "Courts must not substitute their judgment for that of the board." Haines, supra, 190.
In their brief, the plaintiffs first argue that the lots are part of an approved subdivision. They therefore argue that single-family houses on each lot are authorized, imploying that subsequent changes in zoning regulations do not affect their lots. General statutes 8-26a(b) protects lots in approved subdivisions from subsequent zoning changes. However, lots are protected by 8-26a(b) only if the subdivision plan has been formally approved by a planning commission. Sherman-Colonial Realty Corp. v. Goldsmith,155 Conn. 175, 185, 230 A.2d 568 (1967); Corsino v. Grover,148 Conn. 299, 314, 170 A.2d 267 (1961).
The plaintiffs submit a copy of the "Map of the Estate of Anson W. Dart" dated August of 1933, which shows that Dart conveyed lots that were part of his estate to various purchasers.
However, there is nothing on this map or elsewhere in the record that the subdivision of Dart's land was formally approved by a zoning authority. Because there is no evidence in the record that the plaintiffs' lots are protected by 8-26a(b), the plaintiffs' argument fails.
The plaintiffs second argument is that the two lots are taxed separately and that they have paid taxes on the unimproved lot. However, the plaintiffs cite no law showing the significance of these statements. As to hardship, it is well settled that economic hardship is not a sufficient justification for granting a variance. Cowles v. Zoning Board of Appeals, 153 Conn. 116, 118, 214 A.2d 361
(1965); Spencers v. Zoning Board of Appeals, 15 Conn. App. 387,392, 544 A.2d 676 (1988). Additionally, the court in Spencer found that paying taxes on abutting parcels where zoning laws prevented building a house on the vacant parcel did not constitute a hardship. Id., 391. It is therefore found that the plaintiffs' second argument is without merit.
Third, the plaintiffs argue that the ZBA approved similar petitions for parcels along their street and that denying the plaintiffs' petitions is arbitrary. Haines, supra, is dispositive: "`[a] variance may not be justified on the ground that other variances have been previously issued in the immediate area."' CT Page 2782 Haines, supra, 191 (citation omitted). Accordingly, this argument fails.
Fourth, the plaintiffs point out that most of the neighbors who opposed the petition at the public hearing live in houses on lots the same size or smaller than the plaintiffs' vacant lot. The plaintiffs cite no law as to the significance of their argument. Additionally, the credibility of witnesses is within the province of the administrative agency. Huck v. Inland Wetlands Watercourses Agency, 203 Conn. 525, 540-41, 525 A.2d 940 (1987). It is clear that the weight attached to the speakers' testimony and their credibility is not reviewable by the court.
Fifth, the plaintiffs argue that the board failed to comply with General Statutes 8-7, which require a zoning board to state its reasons for a decision upon the record. The failure to state its reasons however, is not a ground for sustaining the plaintiffs' appeal. See Grillo, supra, 369. Therefore this argument must fail.
Lastly, the plaintiffs argue that their situation presents a hardship so that the variances should have been granted. They basically repeat the arguments addressed earlier and conclude that they have shown a hardship. "The burden is on the applicant to prove hardship." Kelly v. Zoning Board of Appeals, 21 Conn. App. 594,599, 575 A.2d 249 (1990).
The record shows that plaintiffs presented no evidence to the ZBA or to the court as to how the application of the zoning laws would uniquely affect them. Additionally, the ZBA heard evidence that granting the variance would increase traffic and exacerbate a drainage problem. It is evident that the plaintiffs have failed to meet their burden of proving hardship and that substantial evidence supports the ZBA's decision. Therefore the court should dismiss the plaintiffs' appeal and does so dismiss.
WILLIAM J. McGRATH, JUDGE