[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The instant case is an appeal by the plaintiff, Barbara Carlson, from a November 12, 1991 decision of the defendant CT Page 8699 Branford Zoning Board of Appeals, hereinafter referred to as "the board".
On that date the board granted an appeal filed by the defendants, Alphonse and Elaine Falcigno, the then record owners of the real property, located at 247 Linden Avenue in the Town of Branford.[1] Their appeal was filed with the board on September 30, 1991. (Record Exhibit H.)
Their appeal sought a variance of "Sec. 5.5.7" (later correctly identified as Sec. 5.7) and of Sec. 25, Schedule B, Line 9 of the Branford Zoning Regulations.
Sec. 5.7 of the regulations prohibits the enlargement of nonconforming uses and Sec. 25, Schedule B, Line 9 establishes the minimum setback for side or other property line — in this case being 15 feet (R-3 zone) (Exhibit V).
The Court finds that the plaintiff, Barbara Carlson, is aggrieved as she is the owner of the real property which abuts the Falcignos' property to the North.
The record discloses these facts:
The properties of the plaintiff and defendants, Falcigno, are adjoining lots in R-3 residential zone in the Town of Branford. Each lot has a one family house on it.
The Falcigno property is rectangular with a length of approximately 130 feet and a width of approximately 39 feet. The house is an improved single family frame house. It is an existing non-conforming home, as conceded by the Falcignos. It was enlarged from two stories to three in 1988 by expansion into the airspace above the original "footprint" of its foundation. A 1988 request for a variance, sought to enlarge the building by "squaring off" a jog in its Northwest corner (closest to the Carlson property), was denied. (Record — Exhibit C).
In their September 30, 1991 application, the Falcignos sought a variance from the 15 foot side-yard requirement to approximately 11.5 feet on their border with Carlson, in order to extend the side length of their house approximately 16 feet. Their intention was to add a bedroom to the first floor level where a "jog" existed at the Northwest corner of CT Page 8700 the house.
As the house is non-conforming, this request for expansion also required a variance from Sec. 5.7 of the zoning regulations (expansion of non-conforming use).
In their application, the Falcignos stated that they "proposed" to construct a "bedroom/den" "for use by infirm (SIC) owner".
They further stated that the existing "jog" in the design of the house made use and enjoyment of the house "impossible" for owners (Record — Exhibit H).
At the November 12, 1991 hearing the Falcignos, through their counsel, made it clear that the bedroom/den was designed to provide a first floor bedroom for Alphonse Falcigno as necessitated by his physical illness. Letters from doctors and other evidence of his medical condition were offered to substantiate that fact. (Record — Exhibit N, pages 1-2).
Nowhere in the record is there any claim or argument to the board by the Falcignos that the "jog in the existing house adversely affects efficient use of floor space making use and enjoyment of [the] home impossible for [the] owners" as was alleged in their written appeal to the board. Nor was any competent evidence or testimony presented to the board at that hearing to establish the "undue hardship" claim.
By its very definition, a variance is granted with respect to a particular piece of property; it can be enjoyed not only by the present owner, but future owners. It follows then that a variance is not a personal exemption from the enforcement of zoning regulations. It is a legal status granted to a certain parcel of realty without regard to ownership. Personal hardships, regardless of how compelling . . . do not provide sufficient grounds for the granting of a variance. Garibaldi vs Zoning Board ofAppeals, 163 Conn. 235, 239-240 (1972).
In seeking a variance of an existing zoning regulation one must show that a literal enforcement of the zoning requirements would result in an unusual hardship to him or her. Belknap vs Zoning Board of Appeals, 155 Conn. 380, 383
CT Page 8701 (1967).
Without such a finding the zoning authority lacks the power to grant a variance. Nor does the trial Court have the authority to order the zoning authority to grant such a variance. Spencer vs Zoning Board of Appeals, 15 Conn. App. 387,389 (1988).
In addition the Court finds that the record of the hearing discloses no competent evidence or testimony which would permit or necessitate a variance of the provisions of Sec. 5.7 which prohibit non-conforming uses from being enlarged, extended or altered, and which also prohibits buildings "devoted to a non-conforming use" being enlarged, extended, reconstructed or structurally altered" — except . . . to reduce or eliminate the non-conformity".
The Court further finds that, notwithstanding statements to the contrary, the action of the board was, to a considerable extent, an attempt to balance the equities in what was described by one member as, "these variance wars that are going on between these two houses". (Record — Exhibit N, p. 1).
If the board fails to give reasons for its actions or the reasons are inadequate, the trial Court must search the record to determine whether a basis exits for the action taken. Stankiewicz vs. Zoning Board of Appeals, 211 Conn. 76
(1989).
The record in this case reveals no evidence to substantiate the unusual hardship claim that the enjoyment of the house is "impossible" without the variances requested.
The hardship predicated upon the personal ill health of Mr. Falcigno does not, in and of itself, permit the granting of the variances for the reasons stated above.
The Court further finds that the record appears to corroborate the affidavit testimony of the Chairman, Robert T. Harrington, III, that he, by uttering the word "one"before calling for the votes of the board members, did in fact personally cast a vote in favor of granting the Falcignos' appeal. The Court does note an apparent conflict CT Page 8702 with his statement in his affidavit that, "as is my practice, I cast my vote after the other members of the board voted." (emp. added). Dept ex 1, May 2, 1994).
For the foregoing reasons, the Court hereby sustains the appeal of the plaintiff and enters judgment accordingly.
By The Court,
Joseph W. Doherty, J.