[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Henry F. Kluth and Marie G. Kluth own an undivided 50 percent interest in two parcels known as 46-48 Minott Street, New Haven.
At the time of the taking of the property by the Commissioner of Transportation, February 22, 2002, the property was owned by Theresa C. Pollio, Theresa L. Pollio, Marie G. Kluth and Henry F. Kluth.
The State of Connecticut paid Theresa L. Pollio and Theresa C. Pollio a total of $56,000 for their undivided one-half interest, and Marie G. Kluth and Henry F. Kluth a total of $56,000 for their undivided one-half interest, based upon an appraised value of $112,000.
Theresa C. Pollio and Theresa L. Pollio are not parties to this appeal, having accepted the offer of compensation based upon the $112,000 appraised value.
Henry and Marie Kluth have brought this appeal, pursuant to S.13a-76 of the General Statutes.
They request that they be awarded 50 percent of any increase in compensation over and above the $112,000 originally deposited into the court by the Commissioner of Transportation.
Testimony was received at trial from John LoMonte of Wethersfield, a real estate appraiser, on behalf of the Commissioner of Transportation (Exhibit 2).
The plaintiffs presented the testimony of their appraiser, Eric M. Glidden (Exhibits E F), in support of their claim that they are aggrieved by the value placed on their interest in the property by the Commissioner of Transportation on February 22, 2002.
Henry F. Kluth also testified. CT Page 3094
The court, pursuant to § 13a-76 of the General Statutes, viewed the exterior of the premises.
46-48 Minott Street, New Haven, is located on the city's eastern shore, in an RM-1 (Residential) zone.
It is situated on a rise, overlooking Interstate 95, and is close to the access road leading to the highway.
The property taken involved two abutting parcels, both of which were separately assessed by the City of New Haven for tax purposes.
The parcels were created through the filing of a 1917 subdivision map, which predated the adoption of zoning by the City of New Haven in 1926.
During the 1950s, as part of improvements made to Interstate 95, the State of Connecticut took portions of both properties, resulting in their present configurations.
46-48 Minott Street is located in a mixed single and multi-family neighborhood, and lies between Main Street and Interstate 95.
A three-floor structure sits on the property, which is suitable as a two-family house.
A room has been created on the third floor.
Henry Kluth explained improvements which had been made to the dwelling, including air conditioning on the second and third floors, and an improved kitchen.
Eric Glidden testified that the first and second floors of the property were each 962 square feet, with 385 square feet of improved space situated on the third floor.
Both professional appraisers agreed that the premises had been adequately maintained, for a home built around 1900.
The total area of the property is approximately 8,925 square feet, of which 2,626 square feet is included within the separately assessed parcel fronting Oakley Street.
Excluding the Oakley Street portion, 46-48 Minott Street exceeds the 6,000 square foot minimum lot area required in an RM-1 zone. CT Page 3095
PLAINTIFF'S TESTIMONY
Henry Kluth testified that 46-48 Minott Street had a fair market value of $145,000. He also conveyed information concerning improvements to the dwelling unit, the age of the improvements, and interior renovations and repairs which had been made.
As a part owner of the property, the plaintiff may provide his opinion regarding its value. Pesty v. Cushman, 259 Conn. 345, 364
(2002); McCahill v. Town Country Associates, Ltd., 185 Conn. 37,41 (1981).
However, the court does not find such testimony to be controlling on the issue of value.
 TESTIMONY OF APPRAISERS
Eric Glidden, the appraiser, testified that the total value of the property, as of the date of taking, was $137,800.
He attributed $128,000 to the value of 46-48 Minott Street, and an additional $9,800 concerning the 2,626 square foot parcel facing Oakley Street.
John LoMonte, the appraiser engaged by the Connecticut Department of Transportation, found the value of the property to be $119,000.
He described the Oakley Street parcel as "a very narrow strip of land" which could not be valued as "A (true) building lot."
He therefore awarded the strip no value, independent of the value added as land to 46-48 Minott Street.
Because both appraisers testified that the value of the property on February 22, 2002 exceeded $112,000, the uncontradicted evidence supports a finding that the plaintiffs are aggrieved by the value placed on the property by the Department of Transportation.
In arriving at his value for the property, LoMonte utilized three transactions he claimed were comparable.
One of the parcels, 174 Beacon Avenue, was also used by Eric Glidden in his analysis. Two of the "comparables" used, 174 Beacon Avenue and 168 Hillside Avenue, were appraised by LoMonte, after adjustments, at CT Page 3096 $126,600 and $129,000 respectively.
The third parcel used, 45 Huntington Street, was dramatically lower, at $100,700. The discrepancy results from the fact that 45 Huntington Avenue was sold as the result of a foreclosure by sale, rather than as a willing transaction between arms-length buyers and sellers.
LoMonte admitted that his experience has demonstrated that property conveyed due to a forced foreclosure by sale returns a lower sale price, generally, than comparable transactions between willing buyers and sellers.
He further admitted that he did not adjust for the fact that 45 Huntington Street was conveyed as the result of a forced sale.
It is therefore obvious to this court that the use of Huntington Street, dramatically and unreasonably depressed the average of the properties, thus permitting LoMonte to conclude that the value of 46-48 Minott Street was $119,000.
It is also significant to note that the one common parcel used by both appraisers, 174 Beacon Avenue, produced almost identical values.
Glidden valued the parcel at $126,580 and LoMonte $126,600.
If the property which was subject to a foreclosure by sale is excluded, the two parcels utilized by LoMonte yielded an average appraisal of $127,800.
The five comparables utilized by Eric Glidden ranged from a low of $119,350 (83 Huntington Road) to a high of $135,163 (15 Harrington Avenue) after adjustments.
The average of the five parcels yielded a value of $128,000.
The court finds both average value figures to be credible, given the variation of a mere $200.
Based upon the number of comparables used, the court adopts the value of Eric Glidden, and finds that the value of 46-48 Minott Street, as of February 22, 2002, was $128,000.
 THE OAKLEY STREET PARCEL HAS SEPARATE VALUE
CT Page 3097
On its Grand List of October 1, 2001, New Haven separately assessed the strip of land at $19,600.
The plaintiffs contend that the parcel has a separate value as a potential building lot, while the State maintains that the land has no value, independent of 46-48 Minott Street.
The present configuration of the parcel resulted from a partial taking by the State of Connecticut in the 1950s.
The original parcel was created by a 1917 subdivision map, which predated zoning in New Haven.
If the property were to be utilized for building purposes, the plaintiffs or a successor in title, would be required to obtain a variance from the New Haven Board of Zoning Appeals.
An applicant for a variance must prove two things: 1) that the variance will not substantially affect the comprehensive plan, and 2) that strict adherence to the letter or the zoning ordinance will cause unusual hardship unnecessary to the carrying out of the general purposes of the zoning plan. Wnuk v. Zoning Board of Appeals, 225 Conn. 691, 697 (1993);Whittaker v. Zoning Board of Appeals, 179 Conn. 650, 655 (1980).
The comprehensive plan of a community consists of the regulations themselves. Burnham v. Planning Zoning Commission, 189 Conn. 261,267 (1983).
If the nonconformity is created by the enactment of a zoning ordinance, and the owner of the parcel could have sought a variance, then a subsequent purchaser has the same right to seek and to obtain a variance. Johnny Cake, Inc. v. Zoning Board of Appeals, 180 Conn. 296,300-01 (1980).
A variance runs with the land, Reid v. Zoning Board of Appeals,235 Conn. 850, 858 (1996); § 8-6 (b). The identity of the applicant is irrelevant. Dinan v. Zoning Board of Appeals, 220 Conn. 61, 66-67
(1991).
Here, a review of the property and the surrounding neighborhood is sufficient to support a finding that the granting of a variance to construct a residence on the parcel is consistent with the city's comprehensive plan.
A finding of hardship, however, is more problematic. CT Page 3098
The practice of the City of New Haven of taxing the strip as a separate parcel is not, without more, a valid hardship. Spencer v. Zoning Board ofAppeals, 15 Conn. App. 387, 391 (1988).
However, a finding of hardship has been sustained, where a taking of property renders a parcel nonconforming as to area. Smith v. Zoning Boardof Appeals, 174 Conn. 323, 328 (1978).
Whether a variance would be granted cannot be predicted with certainty.
However, in his appraisal of the subject parcel (Exhibit F), Eric Glidden lists the sale of a lot of comparable size, in a less desirable neighborhood, for $13,000.
It seems clear that the strip has some value as a stand-alone parcel, and it is conceivable that a variance could be obtained to permit the construction of a dwelling.
The plaintiff's appraiser found that the value of the parcel as of February 22, 2002 was $9,800, approximately one-half the value assessed by the City of New Haven.
Based upon what appears to be a reasonable appraisal, when all of the circumstances are considered, it is found that the value of the Oakley Street parcel, independent of 46-48 Minott Street, is $9,800 as of the date of taking.
 FINDINGS AND CONCLUSIONS IT IS FOUND, that the fair market value of the property which is the subject of a taking by the State of Connecticut Department of Transportation, as of the date of taking, February 22, 2002, is $137,800.
IT IS FOUND, that $128,000 of the value is attributed to the dwelling and land at 46-48 Minott Street, and $9,800 is attributable to the separately assessed parcel, Oakely Street.
IT IS FOUND, that the plaintiffs, Henry F. Kluth and Marie G. Kluth are aggrieved by the valuation of the property at $112,000 by the State of Connecticut Department of Transportation, in its notice of condemnation and Assessment of Damages. CT Page 3099
IT IS FOUND, that the value of the property taken is $25,800 in excess of the assessment of damages filed by the Department of Transportation.
IT IS FOUND, that the plaintiffs, Henry F. Kluth and Marie G. Kluth, are the owners of an undivided 50 percent interest in the two parcels taken, and are awarded $12,900 as a result of the taking.
 CONCLUSION
Judgment may enter in favor of the plaintiffs, Henry F. Kluth and Marie G. Kluth, in the amount of $12,900 plus costs.
Radcliffe, J. CT Page 3100