OTTY NORWOOD ET AL. *v.* ZONING BOARD OF
APPEALS OF THE TOWN OF BRANFORD ET AL.
(AC 19717)

Landau, Spear and Daly, Js.

Argued November 29, 2000—officially released March 27, 2001

*Richard D. Patterson,* with whom was *Max F. Bruns-wick,* for the appellants (defendant Linda MacArthur Anderson et al.).

*Roger Sullivan* and *Geoffrey A. Hecht,* for the appellees (plaintiffs).

*Opinion*

LANDAU, J. The defendants Linda MacArthur Anderson and Ruth MacArthur[1] appeal from the judgment of the Superior Court sustaining the plaintiffs'[2] zoning appeal and reversing the decision of the defendant zoning board of appeals of the town of Branford (board) that granted the defendants variances for their respective lots. On appeal, the defendants claim that the court improperly concluded that the record does not contain substantial evidence to support the board's decision to grant the variances.[3] We affirm the judgment of the trial court.

---

[1] The defendants in this appeal are Linda MacArthur Anderson and Ruth MacArthur, who own the lots in question. The defendant Salvatore Marrotoli, a prospective buyer of Anderson's lot, and the defendant zoning board of appeals of the town of Branford are not involved in this appeal. We refer in this opinion to the defendants Anderson and MacArthur as the defendants.

[2] There are three plaintiffs in this matter: Otty Norwood, Perdita Norwood and Margaret Montelius, who own real property that abuts the real property at issue in this appeal.

[3] In their brief, the defendants also argue that it was an abuse of discretion for the trial court to search the record to determine if there was a basis for the board's decision. The defendants argue that the court improperly found facts not found by the board. The board, however, did not find *any* facts as it did not provide a basis for its decision. "Where a zoning board of appeals does not formally state the reasons for its decision . . . the trial court *must* search the record for a basis for the board's decision." (Emphasis added.) *Bloom* v. *Zoning Board of Appeals,* 233 Conn. 198, 208, 658 A.2d 559 (1995); see also *Grillo* v. *Zoning Board of Appeals,* 206 Conn. 362, 369,

The following facts and procedural history are necessary for our resolution of this appeal. In 1956, the town of Branford (town) adopted zoning regulations regarding nonconforming lots. The intent of the regulations was not to permit the expansion of nonconforming lots but rather to change such lots into conforming lots.[4] Under the zoning regulations, the board may grant a variance provided, inter alia, that the owner of the nonconforming lot does not also own a contiguous lot that, when combined with the nonconforming lot, creates a conforming lot or a lot that more nearly conforms to the regulations.[5]

MacArthur acquired the real property designated as 2 Esther Place (lot 8) in the town in 1967. In 1974, she acquired the adjacent lot of real property designated as 6 Esther Place (lot 9). In 1979, MacArthur filed an application for a building permit to allow her to build an addition to her dwelling that rested entirely on what had been lot 9. In the application, MacArthur represented that lots 9 and 8 were a single parcel of land. The addition was approved, and MacArthur added an enclosed porch to her dwelling. The addition extended onto what had been lot 8.

537 A.2d 1030 (1988). We believe that the defendants have mischaracterized their argument and that they take issue not with the court's review of the record and findings of fact, but rather with its reversal of the board's decision on the basis of the evidence in the record. We will, therefore, address the defendants' claims accordingly.

[4] Zoning regulation § 5.1 (1956) provides: "It is the intent of these Regulations that nonconformities are not to be expanded, that they should be changed to conformity as quickly as the fair interest of the owners permit and that the existence of any existing nonconformity shall not of itself be considered grounds for the approval of a variance for any other property."

[5] Zoning regulation § 5.11.4 (1956) provides that a variance may be granted where, inter alia, "the owner of the parcel shall not also have been, at any time since the enactment of the Zoning Regulations on December 3, 1956, the owner of contiguous land which in combination with such parcel that fails to conform would make a parcel that conforms or more nearly conforms to the area requirements of these Regulations pertaining to lots."

In March, 1989, MacArthur quitclaimed what had been lot 8 to her daughter, Anderson. Lot 8 is a nonconforming, nonbuildable lot, and MacArthur's transfer and division of the merged property was made without subdivision approval. In June, 1997, Anderson entered into a contract to sell lot 8, as a buildable lot, to the defendant Salvatore Marrotoli. Shortly thereafter, Anderson applied to the board for a variance to allow a dwelling to be constructed on lot 8. In January, 1998, the board denied Anderson's application for a variance without prejudice. In March, 1998, Anderson and MacArthur applied for variances for their respective lots. They each sought a reduction in the minimum lot area so as to accommodate a dwelling on each lot and claimed hardship if the variances were not granted. Anderson claimed as a hardship the profit that she would lose if she were unable to sell lot 8 to Marrotoli because it was not a buildable lot. For her hardship, MacArthur claimed that she had overpaid property taxes because the town has taxed lots 8 and 9 as separate lots for more than fifty-six years. The board granted the variances on the ground of hardship in May, 1998. The board gave no reasons for its decision.

The plaintiffs appealed to the trial court, which concluded that the board had acted arbitrarily, capriciously and in abuse of its discretion. Accordingly, the court sustained the plaintiffs' appeal and reversed the decision of the board. This appeal followed.

The defendants claim that the court improperly concluded that the evidence contained in the record does not provide a valid basis for granting the respective variances. Specifically, the defendants claim that the court improperly concluded that (1) Anderson's hardship is insufficient in that it merely alleges financial loss and (2) MacArthur's hardship is insufficient in that it also alleges financial loss and that it was self-created. We disagree.

Our standard of review is well established. "[C]ourts are not to substitute their judgment for that of the board, and . . . the decisions of local boards will not be disturbed as long as honest judgment has been reasonably and fairly made after a full hearing . . . ." (Internal quotation marks omitted.) *Jaser* v. *Zoning Board of Appeals*, 43 Conn. App. 545, 547, 684 A.2d 735 (1996). The trial court's function is "to determine on the basis of the record whether substantial evidence has been presented to the board to support [the board's] findings. . . . [E]vidence is sufficient to sustain an agency finding if it affords a substantial basis of fact from which the fact in issue can be reasonably inferred. . . . Where the board states its reasons on the record we go no further." (Citations omitted; internal quotation marks omitted.) Id., 547–48. Where, however, the board has not articulated the reasons for its actions, the court must search the entire record to find a basis for the board's decision. *Grillo* v. *Zoning Board of Appeals*, 206 Conn. 362, 369, 537 A.2d 1030 (1988); *Parks* v. *Planning & Zoning Commission*, 178 Conn. 657, 662, 425 A.2d 100 (1979). More specifically, the trial court must determine whether the board has "acted fairly or with proper motives or upon valid reasons." (Internal quotation marks omitted.) *Bloom* v. *Zoning Board of Appeals*, 233 Conn. 198, 206, 658 A.2d 559 (1995). We, in turn, must determine whether the court properly concluded that the board's decision to grant the variance was arbitrary, illegal or an abuse of discretion. Id., 205–206.

General Statutes § 8-6 (a) (3)[6] provides that zoning boards of appeal may "vary the application of zoning

---

[6] General Statutes § 8-6 (a) (3) provides in relevant part that a zoning board of appeals shall have the power and duty "to determine and vary the application of the zoning bylaws, ordinances or regulations in harmony with their general purpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such bylaws, ordinances or regulations

regulations if (1) the variance is shown not to affect substantially the comprehensive plan and (2) adherence to the strict letter of the zoning regulation is shown to cause unusual hardship unnecessary to carrying out the general purpose of the plan." *Pike* v. *Zoning Board of Appeals*, 31 Conn. App. 270, 273, 624 A.2d 909 (1993), citing *Grillo* v. *Zoning Board of Appeals*, supra, 206 Conn. 368. "The statute provides that the board may grant variances with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such bylaws, ordinances or regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured. . . . To support a variance, therefore, a hardship must arise from a condition different in kind from that generally affecting properties in the same zoning district and must be imposed by conditions outside the property owner's control. . . . The applicant bears the burden of demonstrating the existence of a hardship." (Citations omitted; internal quotation marks omitted.) *Pike* v. *Zoning Board of Appeals*, supra, 273–74.

I

The defendants first claim that the court improperly concluded that the financial loss Anderson claimed if she were unable to sell lot 8 as a buildable lot is not a valid hardship for the granting of her variance.[7] We disagree.

would result in exceptional difficulty or unusual hardship so that substantial justice will be done . . . ."

[7] Anderson and MacArthur submitted a single brief. They do not make any specific claims with respect to the court's reversal of the board's decision to grant Anderson a variance. They do, however, make a generalized claim that there was sufficient evidence in the record to support the board's decision to grant Anderson's variance. Thus, the defendants implicitly claim that the court improperly reversed the board's decision to grant the variance, and we have framed the issue accordingly.

The following additional facts are necessary for our resolution of the defendants' claim. In support of her claim of hardship, Anderson introduced into evidence a contract for the sale of lot 8. The sale is contingent upon Anderson's obtaining a variance to permit the building of a dwelling on the lot. The evidence, therefore, merely shows that without the variance, Anderson will lose the profit that she would have realized from the sale of lot 8 to Marrotoli. There is no evidence in the record that indicates that the application of the zoning regulations to lot 8 greatly decreases or practically destroys the lot's value. A review of the memorandum of decision reveals that the court concluded that Anderson's claimed hardship is not a valid basis for granting her variance because it merely alleged financial loss. The court further concluded that denial of Anderson's variance would not amount to confiscation, as lot 8 remains an attractive potential lot for an abutting landowner's property.[8]

"Disadvantage in property value or income, or both, to a single owner of property, resulting from application of zoning restrictions, does not, ordinarily, warrant relaxation in his favor on the ground of . . . unnecessary hardship. . . . Financial considerations are relevant only in those exceptional situations where a board could reasonably find that the application of the regulations to the property greatly decreases or practically destroys its value for any of the uses to which it could reasonably be put and where the regulations, as applied, bear so little relationship to the purposes of zoning that, as to particular premises, the regulations have a confiscatory or arbitrary effect." (Citations omitted;

---

[8] In fact, the evidence shows that Anderson obtained lot 8 by way of a quitclaim deed and that she paid at least $1 for the property but less than $100. It is difficult to imagine how Anderson can make a colorable claim that she will suffer a financial loss on the property if she is not granted a variance.

internal quotation marks omitted.) *Grillo* v. *Zoning Board of Appeals*, supra, 206 Conn. 369. Zoning regulations have such an effect in the extreme situation where the application of the regulations renders the property in question practically worthless. *Giarrantano* v. *Zoning Board of Appeals*, 60 Conn. App. 446, 453, 760 A.2d 132 (2000).

Applying our standard of review, we conclude that the court properly concluded that Anderson's claimed hardship is not a valid basis for granting her variance because it merely alleges financial loss. See *Bloom* v. *Zoning Board of Appeals*, supra, 233 Conn. 208. Furthermore, because lot 8 could have value as an addition to an abutting lot, we agree with the court's conclusion that denial of Anderson's variance does not amount to a confiscation of lot 8. See *Grillo* v. *Zoning Board of Appeals*, supra, 206 Conn. 370–71 (fact that unimproved lot would be more valuable as buildable lot does not mean it is valueless because lot could be used as side yard to enhance value of adjoining property). Accordingly, we conclude that the court properly determined that there is not a valid basis for granting Anderson's variance.

## II

MacArthur claims that the court improperly concluded that her claimed hardship is not valid in that it is (1) based on financial loss and (2) self-created. We disagree.

The following additional facts are necessary for our resolution of this claim. MacArthur claims as a hardship that while the lots are treated as one for zoning purposes, they are taxed separately. MacArthur presented evidence that she pays a higher amount of property taxes because the lots are taxed separately than she would pay if the lots were taxed as one. Put more simply, MacArthur argues that she is burdened with the

town's separate taxation of the lots without the benefit of having separate buildable lots. The court, in its memorandum of decision, came to the following conclusions regarding MacArthur's application for a variance: (1) pursuant to zoning regulations §§ 5.1 and 5.11.4, lots 8 and 9 merged when they came under the common ownership of MacArthur; (2) by extending her dwelling from lot 9 onto lot 8, MacArthur confirmed the merger; (3) the separate taxation is not a basis for a hardship such as will support a variance; and (4) even if separate taxation was an otherwise valid basis for finding a hardship, the hardship was self-created by MacArthur's merger of the properties and, therefore, not a basis for granting her variance.

As noted previously, a hardship that merely involves financial loss is not a valid basis for granting a variance. *Bloom* v. *Zoning Board of Appeals*, supra, 233 Conn. 208. Here, MacArthur's hardship is based on an alleged financial loss she suffered as a result of the town's separate taxation of the lots. In *Spencer* v. *Zoning Board of Appeals*, 15 Conn. App. 387, 390, 544 A.2d 676 (1988), the plaintiff owned a dwelling that was situated partially on two adjoining lots. She sought a variance to allow for the construction of a dwelling on each of the lots. The plaintiff claimed as a hardship the town's practice of taxing her parcel of real property as two separate lots but refusing to allow her to construct a dwelling on each lot. Id., 391. This court characterized the plaintiff's claimed hardship as simply "an argument that the zoning regulations [prevented] maximum economic utilization of the parcel." Id. Accordingly, this court concluded that the plaintiff's hardship was not a sufficient justification for granting a variance. Id., 392.

Here, MacArthur owns a dwelling that is partially situated on two lots, and she claims that the town's practice of separately taxing the lots without allowing for dwellings on both lots is a hardship. Applying our

standard of review, we conclude that the court properly concluded that MacArthur's claimed hardship is insufficient in that it merely alleges the financial loss occasioned by the town's separate taxation of the lots. See id., 391–92.

Because we conclude that the nature of the hardship itself is insufficient to support the granting of MacArthur's variance, we need not consider the defendants' claim that the court improperly concluded that the hardship is insufficient because it was self-created.

The judgment is affirmed.

In this opinion the other judges concurred.