[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
This appeal is the second to this court related to the persistent efforts of the defendant, Joyce Jaffee, to maintain and operate a group day care home in her residence, 29 Stony Hill Road, Ridgefield.
The property consists of 1.155 acres, and is located in an RAA (two acre) residential zone.
The parcel has no frontage along Stony Hill Road, and is accessible over an access way which joins the Jaffee property and neighboring properties with Stony Hill Road. CT Page 4236
The subject parcel has 288.78 feet of frontage along the access way.
In the spring of 2000, the defendant, Joyce Jaffee, initiated efforts designed to transform an existing family day care home into a group day care home.
Section 19a-77 (3) of the General Statutes defines a "family day care home" as a "private family home caring for not more than six children, including the provider's own children not in school full time, where the children are cared for not less than three nor more than twelve hours during a twenty-four-hour period and where care is given on a regularly recurring basis. . . ."
A "group day care home" pursuant to § 19a-77 (2) of the General Statutes, is one "which offers or provides a program of supplementary care to not less than seven nor more than twelve related or unrelated children on a regular basis."
Both family day care homes and group day care homes enjoy a special status, conferred by state statute, § 8-2 of the General Statutes.
Section 8-2 provides that no municipal zoning regulation "shall prohibit the operation of any family day care home or group day care home in a residential zone."
A "family day care home" sustains an additional layer of protection, pursuant to § 8-3j of the General Statutes.
Section 8-3j states, "No zoning regulation shall treat any family day care home registered pursuant to section 17b-733 in a manner different from single or multifamily dwellings.
In May of 2000, the defendant, Joyce Jaffee approached the plaintiff, Richard Baldelli, the zoning enforcement officer of the Town of Ridgefield, seeking his "sign-off" of the use of her property for a group day care home, as required by the State of Connecticut, Department of Public Health.
Instead of assenting to the "sign-off," Ms. Jaffee was directed by the zoning enforcement officer to the special permit process found in § 312.0 of the Ridgefield Zoning Regulations.
Notwithstanding the provisions of § 8-2 of the General Statutes, allowing group day care homes in residential zones, an application fee of $125 was charged for a proposed "nonresidential use in a residence zone. CT Page 4237
The zoning enforcement officer argued that the proposed group day care home was encompassed within the provisions of § 333.0 of the zoning regulations, requiring a special permit for:
 Educational, philanthropic, religious, and municipal recreational uses, golf clubs, private clubs; including residential or other uses customarily accessory to the above as determined by the Commission.
Ridgefield has not adopted any specific regulations which are applicable to group day care homes.
While "nursery school and day care facilities" are allowed by special permit in five business districts, the Ridgefield Zoning Regulations make no mention of "family day care homes," or "group day care homes."
On July 11, 2000, the Ridgefield Planning and Zoning Commission denied Joyce Jaffee's application for a special permit, following a discussion in which the allegedly "commercial" nature of the proposed use figured prominently.
The Ridgefield Planning and Zoning Commission stated three (3) reasons for denying the special permit request, and made no reference to the special status enjoyed by group day care homes pursuant to § 8-2 of the General Statutes.
The reasons advanced for rejecting the special permit application were:
 1. The proposed and potential intensity of the use for a group day care home is inappropriate for the surrounding neighborhood.
 2. The Commission is charged with examining all the particulars regarding the appropriateness of the proposed use; the proposed business use of the property may exert a detrimental effect on the privacy and values of nearby properties.
 3. The intensity of the traffic to be generated on the private accessway may be detrimental to the surrounding neighborhood and the value of the properties.
Joyce Jaffee appealed that decision to the Ridgefield Zoning Board of CT Page 4238 Appeals, which determined that it had jurisdiction to hear the appeal.
The zoning board of appeals reversed the special permit decision of the planning and zoning commission, and specifically found that a special permit to operate a group day care home was not required by the Ridgefield Zoning Regulations.
The Ridgefield Planning and Zoning Commission appealed to this court.
While that appeal was pending, on October 23, 2000, Joyce Jaffee applied to the plaintiff, Richard Baldelli, for the zoning `sign-off' required by the Department of Health Services (DHS).
The proposed group day care home had already received the required signoffs from the municipal health department, the fire marshal, and building official.
The zoning enforcement officer refused to issue the required "sign-off"
In a letter dated November 7, 2000, the plaintiff, Richard Baldelli, determined that the special permit process was applicable to group day care homes (ROR 1.b, pp. 12-13), claiming that a group day care home is an "educational" use of property.
The defendant, Joyce Jaffee, recognizing the futility of placing any faith in the special permit process, appealed the decision of the zoning enforcement officer directly to the Ridgefield Zoning Board of Appeals on November 22, 2000.
The Ridgefield Zoning Board of Appeals held a hearing on January 8, 2001 (ROR 4).
Following the hearing on March 12, 2001, the defendant, Ridgefield Zoning Board of Appeals, voted unanimously (5-0) to reverse the decision of the zoning enforcement officer, thus sustaining the defendant, Joyce Jaffee's appeal.
The board further ordered the zoning enforcement officer to issue the requested sign-off for the group day care home.
In support of its decision, the Ridgefield Zoning Board of Appeals gave four (4) reasons:
1. Regulations of the Town of Ridgefield do not include regulations for group day care homes, in a residential zone. In the absence of specific CT Page 4239 regulations, no special permit is required.
 2. While a group day care home may or may not be an "educational" use in a broad sense, that conclusion is not relevant. The state statute carves out a new area to be specifically regulated, and no regulations for group day care homes were ever adopted.
 3. Any activity must be regulated by clearly defined regulations. Any group day care facility is free to open in the absence of regulations.
 4. Using the special permit process to regulate group day care homes defeats the purpose of § 8-2
of the General Statutes.
Notice of the decision was published in the March 15, 2001 edition of The Ridgefield Press (ROR 9, p. 528).
Both the Ridgefield Planning and Zoning Commission and Richard Baldelli have appealed the reversal of the zoning enforcement officer's decision to this court.
On November 29, 2001, the appeal of the decision of the Ridgefield Zoning Board of Appeals regarding the Ridgefield Planning and Zoning Commission's special permit decision was decided (Planning ZoningCommission of the Town of Ridgefield v. Zoning Board of Appeals of theTown of Ridgefield, Docket No. CV01-0341264 S).
The appeal was sustained based upon a determination that the zoning board of appeals had no jurisdiction to hear an appeal of the denial of a special permit application, under any provision of the Ridgefield Zoning Regulations, or the General Statutes.
The decision sustaining the appeal rested upon purely procedural grounds.
The court specifically refused to find that the special permit process was appropriate, and noted the special status enjoyed by a group day care home consistent with § 8-2 of the General Statutes.
This case squarely presents the issue of whether resort to Ridgefield's special permit process is proper in a case concerning a group day care home.
The status accorded a group day care home by state statute, in the absence of specific regulations, is also central to this appeal. CT Page 4240
The court is therefore in a position to reach the merits of the issues presented, as they relate to the decision of the Ridgefield Zoning Board of Appeals, from which this appeal has been filed.
 AGGRIEVEMENT
The plaintiff, Richard Baldelli, is the zoning officer for the Town of Ridgefield, a position he has held since 1986.
He is appointed to that position by the Ridgefield Planning and Zoning Commission, under the terms of § 502.0 of the Ridgefield Zoning Regulations.
That section reads: "These regulations and the amendments thereto . . . shall be enforced by the Planning and Zoning Commission or its duly designated agent."
Section 8-8 (1) of the General Statutes defines "aggrieved person" to include "any officer . . . of the municipality charged with enforcement of any order, requirement or decision of the board."
As the town's zoning enforcement officer, Richard Baldelli is charged with issuing the "sign-off" for the use of 29 Stony Hill Road as a Group day care home, as ordered by the Ridgefield Zoning Board of Appeals (ROR 9, p. 520).
Richard Baldelli is therefore statutorily aggrieved by the decision of the Ridgefield Zoning Board of Appeals, which reversed his refusal to issue the requested sign-off, and ordered that a sign-off be issued to Joyce Jaffee.
No individual member of the plaintiff, Ridgefield Planning and Zoning Commission, testified at the aggrievement hearing.
The commission is not the agency charged with enforcing the zoning regulations, having delegated that responsibility to its agent, Richard Baldelli.
No order of the Ridgefield Planning and Zoning Commission was before the Ridgefield Zoning Board of Appeals.
Pleading and proof of aggrievement are prerequisites to a trial court's jurisdiction over the subject matter of an appeal. Winchester WoodsAssociates v. Planning Zoning Commission, 219 Conn. 303, 307 (1991);Bakelaar v. West Haven, 193 Conn. 59, 65 (1984). CT Page 4241
The question of aggrievement is one of fact to be determined by the trial court. Primerica v. Planning Zoning Commission, 211 Conn. 85, 93 (1989);Hughes v. Town Planning Zoning Commission, 156 Conn. 505, 508 (1968).
No testimony was received from any member of the Ridgefield Planning and Zoning Commission from which a finding of statutory aggrievement can be made.
However, even if it could be demonstrated that an individual commission member owned land within the zone of aggrievement, that fact would not be relevant. Since it is the commission as an entity that claims aggrievement, not the members in their individual capacity, a finding of statutory aggrievement cannot be entertained. Zoning Board v. Planning Zoning Commission, 27 Conn. App. 297, 302 (1992).
Therefore, if the commission is to demonstrate aggrievement, it must satisfy the well-established twofold test for classical aggrievement: (1) a specific personal and legal interest in the decision, as distinct from a general interest, such as concern of all members of the community as a whole; and (2) it must show that its interest has been specifically and injuriously affected. Hall v. Planning Commission, 181 Conn. 442, 444
(1980).
No such finding is possible here.
Unlike the previous appeal involving Joyce Jaffee's proposed group day care home, where the denial of a special permit by the commission was appealed to the Ridgefield Zoning Board of Appeals, no order of the commission is the subject of this appeal.
This case does not present a situation in which a decision of a commission has been reviewed by the zoning board of appeals. There is no authority permitting a commission to appeal, where a ruling or order of its own is not in issue. Tyler v Board of Zoning Appeals, 145 Conn. 655,659 (1958).
It is therefore found that the defendant, Ridgefield Planning and Zoning Commission, is not aggrieved by the decision of the Ridgefield Zoning Board of Appeals.
However, since the plaintiff, Richard Baldelli, is statutorily aggrieved, pursuant to § 8-8 (1) of the General Statutes, the court has jurisdiction over this appeal.
 STANDARD OF REVIEW
CT Page 4242
When hearing an appeal from a decision of a zoning enforcement officer pursuant to § 8-7 of the General Statutes, a zoning board of appeals hears and decides the appeal de novo. Caserta v. Zoning Board ofAppeals, 226 Conn. 80, 89-90 (1993); Conetta v. Zoning Board of Appeals,42 Conn. App. 133, 137 (1996).
Section 8-7 vests in the board all of the "powers of the officer from whom the appeal has been taken. . . ." The action of the zoning enforcement officer which is the subject of the appeal, is entitled to no special deference by the court. Caserta v. Zoning Board of Appeals, supra, 89.
In discharging its responsibilities, the board is endowed with liberal discretion, and its action is subject to review by a court only to determine whether it was unreasonable, arbitrary, or illegal. Spero v.Zoning Board of Appeals, 217 Conn. 435, 440 (1991); Molic v. Zoning Boardof Appeals, 18 Conn. App. 159, 165 (1989).
The burden of proof to determine that the board acted improperly is allocated to the party seeking to overturn the board's decision. PleasantView Farms Development, Inc. v. Zoning Board of Appeals, 218 Conn. 265,269-70 (1991); Wing v. Zoning Board of Appeals, 61 Conn. App. 639, 643
(2001).
The zoning board of appeals is entrusted, within prescribed limits and consistent with the exercise of discretion, with the function of deciding whether a regulation applies to a given situation, and the manner of its application. Connecticut Sand Stone Corporation v. Zoning Board ofAppeals, 150 Conn. 439, 442 (1963); Daw v. Zoning Board of Appeals,63 Conn. App. 176, 180 (2001).
A court should be loathe to substitute its judgment for that of the zoning authority, so long as an honest judgment has been reasonably and fairly exercised after a full hearing. Jaser v. Zoning Board of Appeals,43 Conn. App. 545, 548 (1996); Torsiello v. Zoning Board of Appeals,3 Conn. App. 47, 84 n. 2 (1984).
Where, as here, a zoning authority has stated reasons for its action, a reviewing court may determine only if the reasons given are supported by the record and are pertinent to the decision. Norwood v. Zoning Board ofAppeals, 62 Conn. App. 528, 532 (2001; Horn v. Zoning Board of Appeals,18 Conn. App. 674, 676 (1989).
Evidence is sufficient to support an agency's findings, if it affords a substantial basis of fact from which the fact in issue can reasonably be CT Page 4243 inferred. Mobil Oil Corp. v. Zoning Board of Appeals, 35 Conn. App. 204,209 (1994).
 REASONS GIVEN BY ZONING BOARD OF APPEALS FIND SUPPORT IN THE RECORD
The Ridgefield Zoning Board of Appeals gave four reasons in support of its decision.
These reasons, taken individually or collectively, represent a conscientious, thoughtful effort to reconcile provisions of applicable state statutes, with the role of a municipal land use agency.
The board recognized that a municipal planning and zoning commission is free to adopt regulations applicable to group day care homes, and that group day care homes do not enjoy the total exemption from regulations which General Statutes § 8-3j accords to family day care homes.
The board correctly observed that the Ridgefield Planning and Zoning Commission has not adopted specific regulations concerning group day care homes, and that a group day care home is free to open in a residential zone without resort to the special permit procedures.
The Ridgefield Zoning Board of Appeals, following a full hearing, accurately observed that the special permit process, as employed by the defendant, Ridgefield Planning and Zoning Commission, subverts the public policy purpose of § 8-2, and it is at odds with the legislative history of the provision in question.
Prior to the adoption of Public Act 87-232, the legislature engaged in extensive discussions concerning whether the statute should include group day care homes, or be limited to family day care homes.
An amendment offered in the House of Representatives by Representative, Robert Farr, would have deleted group day care homes from the § 8-2 provisions, and limited the statute to family day care homes with a maximum of six students.
The amendment was defeated (ROR 5, pp. 149-169), and the legislation adopted, included the provision which prohibits a municipal planning and zoning commission from prohibiting a group day care home in a residential zone.
As the Ridgefield Zoning Board of Appeals observed, using the special permit process in the absence of specific regulations, defeats the purpose of the status conferred upon group day care homes pursuant to § 8-2. CT Page 4244
The reasons given by the Ridgefield Planning and Zoning Commission in support of its denial of Joyce Jaffee's special permit request, in an earlier proceeding, reek of the mischief which Public Act 87-232 was intended to prevent.
The Zoning Board of Appeals decision from which this appeal is taken, harmonizes the need for reasonable, specific regulations, with the recognition that available, affordable day care must be encouraged, as a matter of public policy.
At a time when two income households in affluent suburbs are a necessity, given the cost of housing and higher education, wage earning parents no longer enjoy the luxury of relying on a single income, absent fortuitous circumstances such as passive income derived from investments and portfolios, or inherited wealth.
The reality of single parent households also demands that day care options be encouraged and made more convenient for working parents.
Group day care homes, limited by statute to twelve children, allow for a child's social and emotional development in an environment which more nearly approximates a home situation, than does a large day care center.
In his letter refusing the zoning sign-off the plaintiff, Richard Baldelli, stated that group day care homes constitute an educational use, and therefore must conform to the special permit process.
The zoning enforcement officer claims that a 1996 decision, Zandri v.Planning Zoning Commission, 1996 WL 571460, demonstrates a "consistent" finding by the Ridgefield Planning and Zoning Commission that a group day care home is an educational use of property.
That claim is not persuasive.
Zandri, involved a proposal to locate a child day care center in a residential zone.
A child day care center involves providing care to more than twelve children on a regular basis.
The court in Zandri was not confronted by the § 8-2 provision regarding group day care homes, but with a proposed child day care center which enjoys no special status pursuant to § 8-2.
As the Ridgefield Zoning Board of Appeals noted in reversing the CT Page 4245 decision of the zoning enforcement official, even if a group day care home could be considered an educational use as that term is broadly understood, no regulations specifically applicable to group day care homes have been adopted.
The Costello application, also cited by the defendant (ROR 7, p. 449), is equally inappropriate.
That application to the zoning board of appeals involved a request for a side lot line variance, in order for the applicant to seek approval for a nursery school.
The only issue presented to the Ridgefield Zoning Board of Appeals was whether a variance should be granted.
Neither the Ridgefield Zoning Board of Appeals or this court is impressed by the intractable efforts of the Ridgefield Planning and Zoning Commission to shoehorn the defendant, Joyce Jaffee's group day care home proposal, into the "educational use" language of the special permit process.
The fact that a group day care home might have an educational component, does not render the use "educational"; thus permitting the commission to label a use which cannot be prohibited in a residential zone "commercial."
Under appropriate circumstances, and following the adoption of specific regulations applicable to group day care homes, the Town of Ridgefield might seek to employ the special permit process.
A special permit, or a special exception, allows a property owner to put his property to a use expressly permitted by the zoning regulations, under conditions specified in the zoning regulations. WATR, Inc. v.Zoning Board of Appeals, 158 Conn. 196, 201 (1969); Whisper WindDevelopment Corporation v. Planning Zoning Commission, 32 Conn. App. 515,520 (1993).
The applicable standards must be set forth in the regulations themselves.Beckish v. Planning Zoning Commission, 162 Conn. 11, 15 (1971).
Here, there are no standards for group day care homes included in the Ridgefield Zoning Regulations, and the zoning enforcement officer cannot infer the ability to regulate, in the absence of specific regulations.
 CONCLUSION
CT Page 4246
The appeal of the defendants, Richard Baldelli and the Ridgefield Planning and Zoning Commission, is dismissed.
The plaintiff, Richard Baldelli, is further ordered to sign the zoning sign-off for the use of 29 Stony Hill Road, Ridgefield, as a group day care home, within ten days of this decision.
Radcliffe, J.