[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The instant action concerns the appeal of decision of the Middletown Zoning of Appeals (hereinafter the "ZBA") concerning the approval of:
 1) A variance to § 12.02 of the Middletown with regard to the frontage requirements for a rear lot in the R-15 zone at 197 Poplar Road.
For all times pertinent hereto, the Plaintiffs, David DeMerchant and Phyllis DeMerchant were the owners of real property known as 97 Poplar Road, Middletown Connecticut.
For all time pertinent hereto, the Defendant was the owner of real property known as 205 Poplar Road, Middletown, CT.
The Plaintiffs allege in their appeal that on or about October 22, 1990, Guglielmo DeBiasio, Mary DeBiasio and Vittorio Rigano as the owners of 205 Poplar Road, Middletown, Connecticut, submitted a plan to the Middletown Planing and Zoning Commission to subdivide said property into three building lots.
A registered land surveyor named Theodore Jackowiak at the direction of the Defendant Guglielmo DeBiasio drafted the subdivision plan. The plan depicts lot three of the subdivision as being situated to the rear of the other two building lots with a strip of land running along the eastern side of lot two of the DeBiasio property and running to Poplar Road, with approximately twenty seven (27) feet of road frontage.
The aforementioned strip of land abuts the property owned by the Plaintiffs, David and Phyllis DeMerchant.
On October 24, 1990, the Middletown Planning and Zoning Commission approved the subdivision of the aforementioned property into three CT Page 16380 building lots as depicted on the subdivision plan.
On or about November 4, 2001, Robert Jackowiak performed a land survey of the rear lot (lot three) and the Plaintiffs' property in order to create a proposed plan for a driveway for said lot. The new survey illustrates an area of property, which DeBiasio and the DeMerchants have an active dispute concerning ownership. If the DeMarchants prevail in their argument concerning the ownership of the disputed property, Mr. DeBiasio's property (lot three) will not have a frontage of twenty seven (27) feet, but nineteen feet, which is six (6) feet less than the twenty five (25) feet minimum frontage requirement of Section 12.02 of the Middletown Zoning Regulations.
On or about November 7, 2001, the Defendant Guglielmo DeBiasio applied for a variance to the rear lot frontage requirement in order to construct a driveway in accordance with the aforementioned driveway plan.
The stated reason on the Application for Variance is a hardship. The specific hardship that was stated was:
 "For eleven years we paid taxes on this property and we recently learned the surveyor made an error on the property lines."
(Record A-2)
The Plaintiffs allege that the proposed driveway plan depicts the proposed driveway as encroaching on their property, and that it fails to disclose a driveway easement in favor of the DeBiasio lot number three property, which burdens the DeBiasio lot one property along its western boundary.
The ZBA caused notice of a Public Hearing on the proposed variance to be placed in the Hartford Courant on November 23 and November 30, 2001. The date of the scheduled Public Hearing was December 6, 2001. (Record S-1 and S-2)
The issue appeared as "Item 3.1" on the Board's Agenda for the Public Hearing as follows:
This is a variance to the rear lot frontage requirement of twenty-five (25) feet. This lot was approved over ten (10) years ago based on a survey displaying a rear lot with twenty-five (25) feet of frontage. Recently a buyer of the lot began working on CT Page 16381 the lot and the neighbor disputed the location of the boundary. The owner has requested a variance to insure that the lot remains a legal lot if in fact the neighbor is successful in their dispute.
(Record S-3)
The ZBA granted the Application for Variance to § 44.08.27 of the Zoning Code of the City of Middletown on December 6, 2001, and caused notice to be published in the Hartford Courant on December 14, 2001.[1]
It should be noted that the variance that was granted was subject to a condition that access ways not encroach on the neighbor's land. (Record T 13-14)
On December 19, 2001, the Plaintiff's commenced the instant appeal of the ZBA's decision by serving the Defendants with A Writ, Summons and Complaint.
 Aggrievement
In order for this Court to proceed with the issues presented by the parties it must first make a threshold determination as to whether the appellant is aggrieved.
"`The question of aggrievement is essentially one of standing.' Beckish v. Manafort, 175 Conn. 415, 419, 399 A.2d 1274 (1978). The issue of standing invokes the trial court's subject matter jurisdiction. D.S. Associates v. Planning Zoning Commission, 27 Conn. App. 508, 511, 607 A.2d 455 (1992). The issue cannot be waived. `Proof of aggrievement is essential to a trial court's jurisdiction of a zoning appeal.'" R R Pool Home, Inc. v. Zoning Board of Appeals, 43 Conn. App. 563, 568, 684 A.2d 1207
(1996). "Standing is not a technical rule intended to keep aggrieved parties out of court; nor is it a test of substantive rights. Rather it is a practical concept designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests and that judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and vigorously represented." (Internal quotation marks omitted.) DiBonaventura v. Zoning Board of Appeals, 24 Conn. App. 369, 373-74, 588 A.2d 244, cert. denied, 219 Conn. 903, 593 A.2d 129
CT Page 16382 (1991).
 "[T]he fundamental test for determining aggrievement encompasses a well-settled twofold determination: first, the party claiming aggrievement must successfully demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision. . . . Cannavo Enterprises, Inc. v. Burns, 194 Conn. 43, 47, 478 A.2d 601 (1984); Bakelaar v. West Haven, [193 Conn. 59, 65, 475 A.2d 283
(1984)]. Aggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected. O'Leary v. McGuinness, 140 Conn. 80, 83, 98 A.2d 660 (1953). Hall v. Planning Commission, 181 Conn. 442, 445, 435 A.2d 975 (1980). . . . [Connecticut State Medical Society v. Board of Examiners in Podiatry, 203 Conn. 295, 299-300, 524 A.2d 636 (1987)]." Northeast Parking, Inc. v. Planning Zoning Commission, 47 Conn. App. 284, 288, 703 A.2d 797 (1997), cert. denied, 243 Conn. 969, 707 A.2d 1269 (1998). "[I]n order to retain standing as an aggrieved person, a party must have and must maintain a specific, personal and legal interest in the subject matter of the appeal throughout the course of the appeal. . . . It is not enough for a party to have an interest in the property sufficient to establish aggrievement only at the time of the application to the commission." (Citations omitted.) Primerica v. Planning Zoning Commission, 211 Conn. 85, 94, 558 A.2d 646 (1989). Bethlehem XN. Fellowship v. P.Z. Comm., 58 Conn. App. 441, 443 (2000).
The parties herein have stipulated to facts sufficient for this Court to find that they are indeed aggrieved. The Plaintiffs are abutting property owner of the subject property and has made a satisfactory showing to this court that they have a specific and personal interest in the matter at hand. Their interest was and is directly and adversely affected by the decision of the ZBA. CT Page 16383
During the course of oral argument this Court became concerned as to whether it had subject matter jurisdiction over the matter for reason of ripeness. The parties were ordered to submit briefs on the issues raised by the Court by December 15, 2002 (See Order #112).
Upon completing its review of the briefs submitted by the parties this Court is satisfied that it has subject matter jurisdiction over the instant action.
 Standard of Review
Whereas this action concerns an appeal from a decision of a Zoning Board of Appeals, a discussion of the standard of review of a ZBA's decision is warranted.
"[C]ourts are not to substitute their judgment for that of the board, and . . . the decisions of local boards will not be disturbed as long as honest judgment has been reasonably and fairly made after a full hearing . . . (Internal quotation marks omitted.) Jaser v. Zoning Board of Appeals, 43 Conn. App. 545, 547, 684 A.2d 735 (1996). The trial court's function is "to determine on the basis of the record whether substantial evidence has been presented to the board to support [the board's] findings. . . . [E]vidence is sufficient to sustain an agency finding if it affords a substantial basis of fact from which the fact in issue can be reasonably inferred. . . . Where the board states its reasons on the record we look no further." (Citations omitted; internal quotation marks omitted.) Id., 547-48. Where, however, the board has not articulated the reasons for its actions, the court must search the entire record to find a basis for the board's decision. Grillo v. Zoning Board of Appeals, 206 Conn. 362, 369, 537 A.2d 1030 (1988); Parks v. Planning Zoning Commission, 178 Conn. 657, 662, 425 A.2d 100 (1979). More specifically, the trial court must determine whether the board has acted fairly or with proper motives or upon valid reasons. . . . Bloom v. Zoning Board of Appeals, 233 Conn. 198, 206, 658 A.2d 559 (1995). We, in turn, must determine whether the court properly concluded that the board's decision to grant the variance was arbitrary, illegal or an abuse of discretion. Id., 205-206." (Internal CT Page 16384 quotation marks omitted.) Norwood v. Zoning Board of Appeals, 62 Conn. App. 528, 532, 772 A.2d 624 (2001).
Stancuna v. ZoningBoard of Appeals, 66 Conn. App. 565, 567 (2001).
 Discussion
In their appeal of the Zoning Board's decision, the Plaintiffs allege that the ZBA acted "illegally, arbitrarily and in abuse of the discretion invested in it in that":
 a. The Board did not address the self-created hardship, which prohibited the approval of the subject variance as a matter of law;
 b. The Board approved the variance despite the area subject of the variance encroaching upon the DeMerchant property;
 c. Acted in a manner contrary to the applicable provisions of the Middletown Zoning Regulations;
 d. Abused its discretion vested in it in that it granted the variance with no rational basis except to benefit the town of Middletown; vis, the concern that the town of Middletown would be required to reimburse the DeBiasios eleven years of property tax;
 e. Failed to investigate, question and/or hear evidence of the lot three easement access way from Poplar Road to lot three, which extends over the western side of the DeBiasio property.
However, in their brief the Plaintiffs assert that:
 1. The hardship claimed was self-created by the applicant, and not owing to conditions peculiar to the property;
 2. The Zoning Code does not empower the Zoning Board to grant a variance modifying minimum frontage requirements; and
3. The Zoning Board's decision was arbitrary, with no CT Page 16385 rational basis.
Section 8-6 of the Connecticut General Statutes concerns the powers and duties of a zoning board of appeals. Subsection 8-6 (a) provides that:
 The zoning board of appeals shall have the following powers and duties: (1) To hear and decide appeals where it is alleged that there is an error in any order, requirement or decision made by the official charged with the enforcement of this chapter or any bylaw, ordinance or regulation adopted under the provisions of this chapter; (2) to hear and decide all matters including special exceptions and special exemptions under section 8-2g upon which it is required to pass by the specific terms of the zoning bylaw, ordinance or regulation; and (3) to determine and vary the application of the zoning bylaws, ordinances or regulations in harmony with their general purpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such bylaws, ordinances or regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured, provided that the zoning regulations may specify the extent to which uses shall not be permitted by variance in districts in which such uses are not otherwise allowed.
Section 16.22.01 of the City of Middletown Zoning Code defines a variance as follows:
A variance is a relaxation of the terms of the Zoning Code where such variance will not be contrary to the public interest and where, owing to conditions peculiar to the property and not the result of the actions of the applicant, a literal enforcement of this Code would result in unnecessary and undue hardship. As used in this Code, a variance is authorized only for height, area, and size of structure or size yards and open spaces; establishment CT Page 16386 or expansion of a use otherwise prohibited shall not be allowed by variance, nor shall a variance be granted because of the presence of non-conformities in the zoning district or uses in an adjoining zoning district.
As was previously stated herein, the Plaintiffs raised a number of issues in their Appeal that they did not brief. To the extent that the Plaintiffs did not brief said issues this Court will consider them as abandoned.
 "Where an issue is merely mentioned, but not briefed beyond a bare assertion of the claim, it is deemed to have been waived." Bridgeport Hospital v. Commission on Human Rights Opportunities, 232 Conn. 91, 115, 653 A.2d 782 (1995). "[C]laims on appeal that are inadequately briefed are deemed abandoned." (Internal quotation marks omitted.) State v. Salvatore, 57 Conn. App. 396, 401, 749 A.2d 71, cert. denied, 253 Conn. 921, 755 A.2d 216 (2000).
 In Re Jeffrey C., 261 Conn. 189, 198 (2002).
Although the Plaintiff did not originally brief the issue it cited in paragraph "b", the issues raised in said paragraph involved the same issues that the Court was concerned with when it sua sponte raised the issue of subject matter jurisdiction. Because the Court raised this issue and gave a briefing schedule all parties had the opportunity to address said issues.
During the course of the December 6, 2001 public hearing concerning the Defendant DeBiasio's Application for a Variance, an issue concerning a property dispute was brought to the attention of the ZBA.
William Warner:
. . . We have a situation where there was a survey submitted to Planning and Zoning for a rear lot. It showed the required twenty-five foot frontage and it was approved, filed in the land records, taxed as a building lot for twelve years and then, I guess, they started doing some work out in the front, the neighbor came along and said you're working on my property and it became a dispute. There is a property line dispute
. . . (emphasis added) (Record T-1, Minutes at page 2) CT Page 16387
Attorney Dan DeMerchant:
 Once again, Attorney Dan DeMerchant. I'm here on behalf (inaudible). Yes it is true that there is a boundary line dispute. I'm not here to dispute the variance at this time if such (inaudible) on there property. We have recently had surveyors, Dave White Surveying, do (inaudible) on their property. We do not have a report back yet. I believe it would be premature to grant the variance at this stage not knowing whether or not (inaudible) granting the variance would mean. At this time I would ask that you table this until we can get a direct survey done, finalize that and then come back here and request whether or not a variance would be appropriate under the circumstances. If a variance is given from this case tonight, it is very possible that a variance will be given over someone else's land. . . . (Emphasis added)
(Record T-1, Minutes at page 4)
While the Court does not agree with the Plaintiffs' statement that there was a chance that the variance could be given over some else's land, the record indicates that because of this dispute the issue of hardship that was presented to the ZBA was not ripe for adjudication by the Board.
As was stated previously herein, the ZBA's Agenda concerning the Application in question provided in pertinent part that:
 . . . The owner has requested a variance to insure that the lot remains a legal lot if in fact the neighbor is successful in their dispute.
(Record S-3. Cited on pages 3-4, above.)
The matter before the Court comes down to one basic issue: "Does a ZBA have the power to grant a variance on the basis of a hardship, wherein, the hardship is premised upon the occurrence of an event in the future that may never occur. This Court has come to the conclusion that the ZBA may not pursuant to the facts presented in the Record of this matter. If the Defendant DeBiasio prevails on the issue concerning ownership of the disputed property he will not need a variance because he has the required CT Page 16388 twenty-five foot frontage.
The Applicant in the case at bar, sought and obtained a variance from the ZBA based on a hardship that may never reach fruition. A ZBA does not have the power to grant a variance for a hardship where there is no hardship. Under the facts presented in the Record in the instant action, there is no hardship because the Record does not establish that the subject property did not comply with the town's Zoning Code at the time of the hearing.
The record in this matter indicates that the issues concerning the granting of the variance in this matter actually concerns a hypothetical situation of "what action or actions will be necessary to make the subject property a buildable lot if Mr. DeBiasio does not prevail in the quiet title action." In other words, what the ZBA had before it was not a real and actual hardship, but a potential hardship that would occur, if, and only if, Mr. DeBiasio did not prevail in the quiet title action.
The ZBA exceeded its authority by granting the variance where a hardship did not exist at the time that the decision was made by the ZBA. The Appeal is therefore sustained.
 ___________________ Richard A. Robinson, J. December 19, 2002