[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
FACTS
Sowamco XX, Ltd. is the owner of adjoining properties located at 43-49 Chestnut Street and 35 Chestnut Street, New Haven.
On April 12, 2002, Sowamco XX, Ltd. applied to the defendant New Haven Board of Zoning Appeals, seeking variances of two provisions of the New Haven Zoning Regulations, relating to 43-49 Chestnut Street. (ROR C.)
43-49 Chestnut Street is located in an RM-2 Zone, and was once the site of a factory.
The parcel contains two four-story buildings and a three-story building, which are historic (ROR Q. p. 9), and which the defendant Sowamco XX, Ltd. claims were constructed prior to the adoption of zoning regulations by the City of New Haven in 1928.
The buildings are arranged in a "U" shape, on the 15,547 square floor parcel, with a courtyard opening on to Chestnut Street between the structures. (ROR J; ROR K.)
One of the four-story structures is nonconforming as to height.
The building is 50 feet tall, higher than the maximum height permitted in an RM-2 Zone, 45 feet.[1]
Sowamco XX, Ltd. envisions converting the structures into 39 dwelling units, consisting of eight one-bedroom units, and 31 two-bedroom units. (ROR C; ROR Q, p. 4.)
It proposes utilizing 35 Chestnut Street, designated as "Parcel B" on the plot plan (ROR J), for parking. CT Page 1437
Multi-family dwellings are a permitted use, in an RM-2 Zone, pursuant to the applicable zoning ordinance.[2]
In its application for variances, Sowamnco XX, Ltd. sought a variance of § 14.A(1), for the purpose of extending the roof area, to a height of 58 feet, to cover the atrium between the buildings. (ROR Q, p. 8; ROR K.)
The new roof would cover the atrium area, which would be landscaped, as part of the construction project.
Although the application sought a variance of the side yard setback requirements, it was later determined that a side yard setback variance was not required.
The side yard variance request was withdrawn at the time of the public hearing (ROR Q, p. 5), a fact acknowledged by counsel for Sowamco XX, Ltd. at trial.
The building is situated on the property line, and no provision for setback was made at the time it was constructed.
However, the building is legally nonconforming, and enjoys the protection of § 8-13a (a)[3] of the General Statutes.
A public hearing was properly noticed (ROR E, F G), and was held on May 7, 2002.
During the hearing, the plaintiff, Joseph Maiorano, through his attorney, claimed to have acquired an easement to use 35 Chestnut Street for parking, in connection with his operation of a restaurant at 100 Wooster Street. (ROR L.)
Others objected to the potential impact of the proposal on traffic in the area (ROR Q, p. 16), and to situating a residential complex in what had been a commercial area. (ROR Q, p. 20.)
At a May 21, 2002 special meeting, the defendant New Haven Board of Zoning Appeals, voted, 5-0, to approve the requested building height variance.
The board found that the abandoned and dilapidated former factory building was "functionally obsolete."
It further determined: "the structure's location on the parcel CT Page 1438 and orientation to other buildings, in total, created a hardship unique to the applicant." (ROR T.)
The minutes also reflect the board's view of the site and the neighborhood, and a finding that no adverse impact on the neighborhood would result from the granting of the requested variance.
A notice of the decision was published in the New Haven Register. (ROR O.)
From this action, the plaintiffs Joseph Maiorano, Rosemary Proto, David Incarnato, Nicholas Incarnato, Mary Florenzano, and Mark Suraci instituted the appeal, returnable July 16, 2002.
The plaintiff, Anthony Kosloski, moved to intervene in the action by way of a motion dated August 26, 2002.
 AGGRIEVEMENT
This appeal was brought on behalf of five plaintiffs.
A sixth, the intervening plaintiff, Anthony Kosloski, testified at trial.
Joseph Maiorano is the owner of 102 Wooster Street (Exhibit 1), which abuts the property owned by Sowamco XX, Ltd., also testified.
Anthony Kosloski testified that he owns 51 Chestnut Street, which also abuts 43-49 Chestnut Street.
Aggrievement is jurisdictional, and pleading and proof of aggrievement are prerequisites for maintaining an appeal. Winchester Woods Associatesv. Planning Zoning Commission, 219 Conn. 303, 307 (1991).
Section 8-8 (1) of the General Statutes defines an "aggrieved person" to mean one "owning land that abuts, or is within a radius of one hundred feet of any portion of the land involved in the decision of the board."
Both Joseph Maiorano and Anthony Kosloski own land which abuts 43-49 Chestnut Street.
It is therefore found that both are statutorily aggrieved, by the decision of the New Haven Board of Zoning Appeals, from which this appeal is taken. CT Page 1439
No documentary evidence or testimony was presented regarding any of the remaining plaintiffs, from which a finding of either statutory or classical aggrievement can be made.
However, because the plaintiff Anthony Maiorano and the intervening plaintiff Anthony Kosloski are both statutorily aggrieved, the court has subject matter jurisdiction, even in the absence of a finding of aggrievement on behalf of the remaining plaintiffs. Concerned Citizens ofSterling, Inc. v. Connecticut Siting Council, 215 Conn. 474, 479 (1990);Protect Planning Zoning Commission, 220 Conn. 527, 529 n. 3 (1991).
Because both Joseph Maiorano and Anthony Kosloski have demonstrated statutory aggrievement, it is unnecessary to consider whether either plaintiff can also establish classical aggrievement. NcNally v. ZoningCommission, 225 Conn. 1, 8 (1993).
 STANDARD OF REVIEW
The powers of a municipal zoning board of appeals are derived from § 8.6(3) of the General Statutes.
Acting pursuant to that statute, a zoning board of appeals has the power:
 (3) to determine and vary the application of the zoning bylaws, ordinances or regulations in harmony with their general purpose and intent, and with due consideration for preserving the public health, safety, convenience and property values solely with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such bylaws, ordinances or regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done, and the public safety and welfare secured . . .
In discharging its responsibilities, a zoning board of appeals is endowed with liberal discretion, and its decision is subject to review by a court only to determine whether the board acted arbitrarily, illegally or unreasonably. Pleasant Farms Development, Inc. v. Zoning Board ofAppeals, 3 Conn. App. 47, 50 (1984).
The burden of demonstrating that the board acted illegally, arbitrarily or in abuse of its discretion, is on the party seeking to overturn the board's decision. Red Hill Coalition, Inc. Conservation Commission,212 Conn. 710, 718 (1989); Adolphson v. Zoning Board of Appeals, CT Page 1440205 Conn. 703, 707 (1988).
A reviewing court should not usurp the function and prerogatives of a municipal zoning board of appeals by substituting its judgment for that of the board, where an honest judgment has been reasonably and fairly exercised after a full hearing. Bloom v. Zoning Board of Appeals,233 Conn. 198, 206 (1995); Molic v. Zoning Board of Appeals, 181 Conn. 159,164 (1989).
Where, as here, a zoning board of appeals, as required by statute,[4]
has stated reasons for its decision, a reviewing court need only determine if any reason given in support of the action is supported by the record.
An agency decision must be upheld, if it is supported by substantial evidence. Bradley v. Inland Wetlands Agency, 28 Conn. App. 48, 52
(1992).
The substantial evidence rule has been defined as similar to and analogous to, the standard to be applied in judicial review of jury verdicts. It must be enough to justify, if the trial were to a jury, a refusal to direct a verdict where the conclusion sought to be drawn is one of fact. Sampeiri v. Inland Wetlands Agency, 226 Conn. 579, 588
(1993).
The credibility of witnesses, and the determination of issues of fact, are matters committed solely to the province of the administrative agency. Property Group, Inc. v. Planning Zoning Commission,226 Conn. 684, 697 (1993). The question is not whether the trial court would have reached the same conclusion, but whether the record before the agency supports the decision reached. Calandro v. Zoning Commission,176 Conn. 439, 440 (1979).
The possibility of drawing two inconsistent conclusions from the evidence does not prevent a decision from being supported by substantial evidence. Property Group Inc. v. Planning Zoning Commission,supra, 697-98.
THE RECORD SUPPORTS APPROVAL OF A VARIANCE, AND A FINDING OF HARDSHIP BY THE BOARD
In order to justify the granting of a variance, an applicant must prove both 1) that the variance will not substantially affect the comprehensive plan, and 2) the strict adherence to the letter of the zoning ordinance will cause unusual hardship unnecessary to the carrying out for the CT Page 1441 general purpose of the zoning plan. Smith v. Zoning Board of Appeals,174 Conn. 323, 326 (1978); Pike v. Zoning Board of Appeals,31 Conn. App. 270, 273 (1993).
A variance cannot be granted where it impairs the integrity of the comprehensive plan. Whittaker v. Zoning Board of Appeals, 179 Conn. 650,656 (1980). The comprehensive plan consists of the zoning regulations themselves. Burnham v. Planning Zoning Commission, 189 Conn. 261,267 (1983).
A variance runs with the land, Reid v. Zoning Board of Appeals,235 Conn. 850, 858 (1996), and must be based on property conditions. The identity of the applicant is irrelevant. Dinan v. Zoning Board ofAppeals, 220 Conn. 61, 66-67 (1991).
Where the applicant, or his predecessor in title, creates a nonconformity, the board lacks the power to grant a variance. Abel v.Zoning Board of Appeals, 172 Conn. 286, 289 (1977); Archambault v.Wadlow, 25 Conn. App. 375, 381 (1991).
However, if the nonconformity is created by the enactment of a zoning ordinance, and the owner of the parcel could have sought a variance, then the purchaser has the same right to seek a variance, and, if his request is supported by law, to obtain the variance. Johnny Cake, Inc. v. ZoningBoard of Appeals, 180 Conn. 296, 300-01 (1980).
To support a variance, a hardship must arise from a condition different in kind from that generally affecting properties in the same zoning district, and must be imposed by conditions outside the property owner's control. Norwood v. Zoning Board of Appeals, 62 Conn. App. 528, 533
(2001).
The property for which the height variance was granted is located in an RM-2 Zone.
The applicant proposes to refurbish an aging building (ROR K), and restore the structure for use as multi-dwelling residential units.
Multi-family dwellings are a permitted use in an RM-2 Zone.
Members of the board toured the site (ROR T), and determined that the granting of the variance would have no adverse impact on the neighborhood.
Evidence based on the personal knowledge and observations of board CT Page 1442 members may be considered, in arriving at a decision. Cole v. Planning Zoning Commission, 40 Conn. App. 501, 509 (1996).
The record provides abundant support for the finding that the granting of the minimal eight-foot height variance, atop a 50-foot structure, will not substantially affect the comprehensive plan.
The board further determined that the applicant had demonstrated a hardship unique to 43-49 Chestnut Street.
It found that the location of the four-story structure on the parcel, and its orientation to other buildings, created a hardship from which it was authorized to grant the relief requested.
The defendant argues that the buildings are historic, and that it has been in contact with the New Haven Historical Society. (ROR Q, p. 9.)
It further contends the parcel was once the site of a now defunct factory, which predated the adoption of zoning regulations, by the City of New Haven.
Although the plaintiffs correctly point out that the record did not provide a specific date of construction for the structures, the board had before it substantial evidence from which a finding of hardship, arising out of the application of the zoning regulations to this property, could be found.
Photographs (ROR K) of the property depict a relic from an industrial age which has been permanently consigned to the city's past.
The plaintiff informed the board that the building may be historical, and both photographic evidence, and evidence obtained from a tour of the area, reveal an abandoned former factory, in dilapidated conditions.
Based on the evidence presented at the hearing, the board was fully justified in finding that a hardship, unique to the affected parcel but not generally affecting the entire district, exists.
Artificial structures located on a parcel, can form the basis of a hardship based upon the location of the structures. Stillman v. ZoningBoard of Appeals, 25 Conn. App. 631, 636-37 (1991).
In Stillman, which involved a request for a setback variance, the owner of a legally nonconforming rectangular parcel sought to expand the first floor of a home, by adding a bathroom and a laundry room, within the side CT Page 1443 yard setback area.
The Appellate Court found that the granting of a variance was proper, in that the location of a well and septic system on the property, coupled with the size and shape of the lot, prevented expansion anywhere except within the area affected by the setback requirements.
The court determined that unique features, not personal to the applicant, supported the granting of the variance, and that the well and septic system structures which predated the zoning regulations, did not constitute a self-created hardship. Stillman v. Zoning Board of Appeals,supra, 636-37.
The presence on the property of aged buildings in disrepair, designed for a use which is no longer economically or environmentally feasible, represents a more compelling hardship than that ratified in Stillman, where man-made improvements might conceivably be relocated.
The board paid particular attention to the unique configuration of the buildings (ROR J), when making its finding of hardship.
The finding of hardship is amply justified, based upon the record before the board.
The identified hardship arises from circumstances or conditions beyond the control of the property owner. Smith v. Zoning Board of Appeals,supra, 327. The hardship is unique to 43-49 Chestnut Street, and is not a hardship common to the neighborhood or the community at large. Finch v.Montanari, 143 Conn. 542, 546 (1956).
The plaintiff has also claimed that the board could not grant a variance based on the facts before it, due to the application of the "purchase with knowledge" rule.
This argument is not well taken.
The record justified a finding by the board that the hardship was created by the application of the zoning regulation to the property, and not by any act of the defendant or its predecessor in title.
This is not a situation, in which the defendant purchased the property, with knowledge that it could not be put to a particular use, consistent with the zoning regulations. Devaney v. Board of ZoningAppeals, 132 Conn. 537, 544 (1946), Abel v. Zoning Board of Appeals,supra, 289. CT Page 1444
The plaintiffs' appeal is DISMISSED.
Radcliffe, J.